**P. B. REALTY COMPANY, Plaintiff-Appellee, v. WALLACE, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4341.  Decided January 26, 1950.

John Schickler, John M. Scott, Columbus, for plaintiff-appellee.

James M. Hengst, Columbus, for defendant-appellant.

## OPINION

By MILLER, PJ.

This is a law appeal from the Court of Common Pleas which affirmed the judgment of the Municipal Court granting a writ of restitution to the plaintiff. The action was one in forcible entry and detention wherein the plaintiff seeks to repossess certain real estate occupied by the defendant as a rooming house. The basis of the action is that plaintiff desires to withdraw the housing accommodation from the rental market as provided by the regulations of the Board of Rent Control. The assignments of error are based upon two premises:

(1) The judgment is against the manifest weight of the evidence in that it does not show by the proper degree of proof that the plaintiff was acting in good faith in removing the property from the rental market.

(2) That the Court lacked jurisdiction for the reason that the Office of Rent Control had not authorized the action to be instituted.

Whether or not the plaintiff was seeking in good faith to remove the property from the rental market was a factual question for the determination of the trial court and which we cannot pass upon unless the evidence was insufficient as a matter of law to support the judgment, or unless the judgment was against the manifest weight of the evidence.

The record discloses that sufficient evidence was offered to support the judgment and to which the trial court must have given credence. The credibility of the various witnesses rests solely with the trial court or jury. We therefore cannot say that the judgment is against the weight of the evidence.

Next considering the jurisdictional question, it is admitted by counsel that when the action was instituted and also when the judgment was entered in the Municipal Court the Federal rental regulation did not require permission to be first obtained from the Office of Rent Control. The record discloses that the action was filed on February 7, 1949, judgment entered on March 25, 1949, and motion for new trial overruled on March 28, 1949. The amended Rent Control Act of 1949, which was not effective until several months after the judgment, requires approval of the Office of Rent Control before bringing such an action. The appellant cites the case of Woods v. Derr, 170 Fed. (2d) 976, as authority for his contention that the amended Act deprived the Court of jurisdiction in all pending actions which had not complied with the Act. Conceding that plaintiff is correct in his argument it has no application to the case at bar for this action was not pending when the amendment became effective. The appellant is contending that the action is still pending while in a reviewing court. We cannot concur in this conclusion. We are of the opinion that the action was pending until final judgment was rendered in the trial court. According to Webster's New International Dictionary, Second Edition, "pending" means "not yet decided; in continuance; in suspense; as a pending suit." Sec. 11582 GC defines a judgment as "the final determination of the rights of the parties in action."

Since the judgment was rendered on March 25, 1949, the final determination of the rights of the parties was then made. Since the amendment to the Rent Control Act was

not effective on this date it cannot affect the jurisdiction of the trial court.

The judgment will be affirmed.

HORNBECK and WISEMAN, JJ, concur.