[Civ. No. 8173.   Third Dist.   Feb. 10, 1953.]

Guardianship of the Person and Estate of GERALD VIERRA, a Minor. JOSEPH VIERRA, Appellant, v. PATRICK MURPHY, Respondent.

870

Robley E. Morgan for Appellant.

Broaddus & Golden and Burke & Rawles for Respondent.

PEEK, J.—This is an appeal from an order of the Superior Court of Mendocino County appointing Patrick G. Murphy, a maternal uncle, as guardian of the person of Gerald Vierra, a minor of the age of 8 years. The appellant is the father of the boy.

The petition alleges that following the divorce of the child's parents his custody remained with his mother who is now confined to the Mendocino State Hospital as an insane person.

It is further alleged that subsequent to her confinement, Joseph R. Murphy, the boy's maternal grandfather was appointed guardian (although not shown by the petition the evidence shows said appointment to have been made by the Superior Court of Shasta County); that said guardian has now resigned; that said minor, although in need of attention and care, has no guardian legally appointed by will or otherwise to so act; and that the minor is presently under the care of and is residing at the Albertinium Home in Ukiah, Mendocino County. Appellant in his objections to the petition does not deny the appointment of the grandfather or his resignation or that the child now has no guardian. But he affirmatively alleges the residence of the boy was in Santa Clara County; that letters of guardianship were issued to him in Santa Clara County on June 7, 1951; that he is a fit and proper person to be appointed guardian and prays that the petitioner's request for letters be denied and that he be appointed guardian of his minor son.

The hearing on the petition was set for June 1, 1951, upon notice to all parties in interest, among whom were the grandfather, the petitioner, and the appellant. At the request of counsel for appellant the matter was continued for one week. While the Mendocino County proceeding was so held in abeyance a petition for letters of guardianship was filed in Santa Clara County on June 6, 1951, on behalf of the father. According to counsel for appellant, the only notice which he gave of the Santa Clara County hearing was a letter addressed to the mother of the child who, as noted, was then and still is an insane person confined in the Mendocino State Hospital. On the following day, June 7, 1951, the Santa Clara County Superior Court granted letters of guardianship to appellant and he immediately took his son from the home in Ukiah to his residence in Santa Clara County. On August 17, 1951, the appellant filed his objections to respondent's petition and on August 30, 1951, following a hearing thereon, the Superior Court of Mendocino County granted letters of guardianship to Patrick G. Murphy, the respondent, and the present appeal followed.

It is thus apparent that at the outset this court is presented with one basic question: Did the Superior Court of Shasta County by reason of the original guardianship proceedings in that county retain jurisdiction at the time of the subsequent proceedings and orders, first in Santa Clara County and next in Mendocino County?

As previously noted, although the petition alleged and all parties appear to have assumed that the original guardian had resigned or that the guardianship in Shasta County had been terminated, the record is wholly devoid of evidence to substantiate that fact and we must conclude that the Superior Court of Shasta County still retained jurisdiction of the guardianship.

While a guardian may resign, his action is subject to approval of the court if "it appears proper to allow it," and if allowed the court "may appoint another in his place after notice and a hearing as in the case of an original appointment." (Prob. Code, § 1582.)

It is also the rule that the court which first assumes jurisdiction retains it to the exclusion of all other courts in which the action, at its inception, might have been initiated. The primary purpose of the rule, the court said in *Greene* v. *Superior Court*, 37 Cal.2d 307 [231 P.2d 821], was to prevent just what has happened here—conflicting and contradictory custody awards. Furthermore the jurisdiction of the original court "is a continuing one, and though no motion, petition or other such incidental proceeding may be pending at any particular time, the court still has jurisdiction over the guardianship. No other court . . . has power to interfere with that continuing control over the guardian." (*Browne* v. *Superior Court*, 16 Cal.2d 593, 598 [107 P.2d 1, 131 A.L.R. 276].)

This does not mean that an interested party is forever foreclosed from proceeding in any court but the one where jurisdiction first attached. As the court observed in *Greene* v. *Superior Court, supra,* if, for instance, change of residence makes it desirable that a court of another county have jurisdiction to modify the order, the objective may be attained by a change of venue. (See, also, *Cooney* v. *Cooney,* 25 Cal.2d 202 [153 P.2d 334].) But so long as a guardianship continues in a particular court no other court, by entertaining a like proceeding, "can interfere with the guardian's custody so long as the guardianship continues." (*Greene* v. *Superior Court, supra,* at page 311.)

It necessarily follows that in the absence of any substantial showing of a termination of the guardianship proceeding in Shasta County neither Santa Clara County nor Mendocino County could "interfere" with that proceeding.

The order is reversed, each party to bear his own costs.

Van Dyke, P. J., and Schottky, J., concurred.