[Civ. No. 18492.   First Dist., Div. Two.   Feb. 17, 1959.]

GEORGE A. MARSHALL, JR., Petitioner, v. SUPERIOR COURT OF CONTRA COSTA COUNTY, Respondent; BETTY JO MARSHALL, Real Party in Interest.

Gardiner, Riede, Elliott & Bagley and William T. Bagley for Petitioner.

No appearance for Respondent.

James Martin MacInnis and Josepsh F. X. Murphy for Real Party in Interest.

DOOLING, J.—Petitioner seeks a writ of prohibition to restrain the respondent court from exercising jurisdiction over the custody of his children. Petitioner commenced an action for divorce against his then wife in Marin County, California, and by appropriate allegations put in issue the right to custody of their children. In that action the court made an order by which plaintiff, petitioner herein, was granted temporary custody of the children subject to visitation rights of the defendant. This order has never been modified or revoked and is still in effect.

Thereafter the wife, real party in interest herein, secured a divorce from petitioner in Clark County, Nevada, in an action in which petitioner appeared through counsel. That divorce decree made no reference to the children of the parties.

In August 1958 petitioner's divorced wife took the children from petitioner for a visit to her home in Contra Costa County and thereupon filed the action in the Contra Costa County Superior Court for their custody. Petitioner objected to the jurisdiction of the Contra Costa County Court on the ground that the Superior Court of Marin County had exclusive jurisdiction. The court overruled this objection and after a hearing made its order purporting to award custody pendente lite to the mother.

The court which first acquires jurisdiction over the custody of children has such jurisdiction to the exclusion of any other court. (*Greene* v. *Superior Court,* 37 Cal.2d 307 [231 P.2d 821].)

The real party in interest argues, however, that the voluntary submission of petitioner to the Nevada divorce court and the entry of that court's decree divested the Marin County Superior Court of further jurisdiction. We may concede that the entry of the Nevada decree constitutes a bar to the further prosecution of petitioner's action for divorce

in Marin County but that does not affect the action insofar as the custody of the children is concerned. The Nevada Court by its decree did not exercise or attempt to exercise jurisdiction over the children or their custody. An action for custody may be maintained by a parent without seeking a divorce (Civ. Code, § 199) and indeed that is exactly what the real party in interest is now seeking to do in the Contra Costa Court. The two causes, for divorce and custody, are severable and we fail to see how the fact that a portion of the relief sought in the Marin County action is now barred by the Nevada decree can operate as a bar to a severable portion of the relief sought in the Marin County action upon which the Nevada Court made no adjudication. (*Title Guarantee & Trust Co.* v. *Monson,* 11 Cal.2d 621, 631-633 [81 P.2d 944].)

Petitioner's general appearance in the Contra Costa County proceeding did not confer jurisdiction over the subject matter. The distinction between a general and special appearance is only important on the question of jurisdiction over the person and has no relevancy to the question of jurisdiction of the subject matter of the action. (*Sampsell* v. *Superior Court,* 32 Cal.2d 763, 773 [197 P.2d 739]; 5 Cal. Jur.2d, Appearance, §§ 39, 40, p. 42.)

The finding of the Contra Costa court that the participation of the parties in the Nevada action superseded the effect of any proceedings in the Marin County court and that the parties regarded such action as de facto dismissed and abandoned is based upon the erroneous legal assumption that by submitting the question of divorce to the Nevada court they must in some way have impliedly submitted the severable question of child custody as well. If the real party in interest had any legal ground for seeking the dismissal of the Marin County action she would have to assert that right in the Marin County court. So long as that action is pending the Marin County court continues to have exclusive jurisdiction of the children's custody. (*Guardianship of Vierra,* 115 Cal.App.2d 869 [253 P.2d 55].)

It is ordered that the writ of prohibition issue as prayed.

Kaufman, P. J., and Draper, J., concurred.