COUGHLIN, J.
 

 This is an application for a writ of prohibition to restrain further proceedings in a divorce action now pending before the respondent superior court, upon the ground that it has no jurisdiction to proceed therein because of a prior pending action between the same parties, involving the same cause, before the Superior Court of Los Angeles County.
 

 Two actions for divorce are pending between the petitioner and his wife; both were instituted by the latter; both involve the same cause; the first thereof was commenced in Los Angeles County by the filing of a complaint on June 12, 1961, and, after issue joined, was set for trial; thereafter the second thereof was commenced by the filing of a complaint in San Diego County on December 8,1961; at this time the first action still was pending; petitioner demurred to this complaint upon the ground that the previously instituted Los Angeles action was pending; the respondent court overruled this demurrer
 
 *149
 
 and thereupon, over objection by petitioner that it had no jurisdiction in the premises, made an order respecting child custody, support, attorney’s fees, and court costs; petitioner then obtained an alternative writ of prohibition from this court restraining further proceedings in the San Diego action; subsequently, i.e., on April 26, 1962, the Los Angeles case went to trial; both parties appeared at the hearing; and the court entered an interlocutory judgment of divorce therein, including orders respecting child custody, support, and attorney’s fees, and also an adjudication respecting property rights.
 

 It is well established “that when two or more courts in this state have concurrent jurisdiction, the court first assuming jurisdiction retains it to the exclusion of all other courts in which the action might have been initiated.”
 
 (Greene
 
 v.
 
 Superior Court,
 
 37 Cal.2d 307, 310 [231 P.2d 821]; In accord :
 
 Scott
 
 v.
 
 Industrial Acc. Com.,
 
 46 Cal.2d 76, 81 [293 P.2d 18];
 
 Marshall
 
 v.
 
 Superior Court,
 
 168 Cal.App.2d 71, 72 [335 P.2d 122];
 
 Guardianship of Vierra,
 
 115 Cal.App.2d 869, 872 [253 P.2d 55];
 
 In re Kosh,
 
 105 Cal.App.2d 418, 424 [233 P.2d 598];
 
 Simmons
 
 v.
 
 Superior Court,
 
 96 Cal.App.2d 119, 122 [214 P.2d 844, 19 A.L.R.2d 288].) Under the circumstances heretofore related, a writ of prohibition will issue to restrain further proceedings in the San Diego action.
 
 (Taylor
 
 v.
 
 Superior Court,
 
 47 Cal.2d 148 [301 P.2d 866] ;
 
 Scott
 
 v.
 
 Industrial Acc. Com., supra,
 
 46 Cal.2d 76, 81;
 
 Caputo
 
 v.
 
 Municipal Court,
 
 184 Cal.App.2d 412, 420 [7 Cal.Rptr. 435];
 
 Simmons
 
 v.
 
 Superior Court, supra,
 
 96 Cal.App.2d 119, 123;
 
 Rilcoff
 
 v.
 
 Superior Court,
 
 50 Cal.App.2d 503, 506-507 [123 P.2d 540].)
 

 Let a peremptory writ of prohibition issue accordingly.
 

 Shepard, Acting P. J., concurred.