· 385 A.2d 550

**Fred C. DIEHL, Clifton C. Houtz, Asbury W. Lee, III, Philip W. Rhinehart, Amado Lugue, and Ronald B. Stratton,**

**v.**

**Bernard W. LOCKARD, Larry G. Lockard and Alan W. Lee, t/d/b/a Tri-L Co., a partnership, and Pizza Hut of Clearfield Inc., Appellants.**

Superior Court of Pennsylvania.

Argued April 12, 1977.

Decided April 13, 1978.

112

Robert D. Douglass, Indiana, for appellants.

Charles C. Brown, Jr., State College, with him McQuaide, Blasko & Brown, State College, for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE and SPAETH, JJ.

PER CURIAM:

This is an appeal from the order of the Court of Common Pleas sitting in equity making permanent a preliminary injunction restraining the construction of a "Pizza Hut".

The Borough of Clearfield, the County seat of Clearfield County, has a population of about 9000 people and is entirely surrounded by Lawrence Township. Pennsylvania Route 879 passes through the Borough in a westwardly direction through a residential area known as the "Old Town Road" section. The residential area is located primarily within the Borough although its western boundaries are within Lawrence Township. The court below stated: "This area has for many years been recognized as one of the most desirable single family residential areas Clearfield has to offer."

The court below further describes the area as follows: "Immediately to its west along Route 879 commercial establishments have grown over the years to the extent that, with but few exceptions, from the western boundary of the residential area the use of the real estate is commercial. The boundary between the "Old Town Road" section and the commercial section is clearly delineated. To the east, contained within the residential area are large, very desirable single family units and to the west, the commercial enterprises mentioned above, including fast food establishments, known as "McDonald's" and "Winky's".

The property that is the basis of this appeal is located within the residential area but abuts the beginning of the western commercial area. This was a dwelling and the property was purchased by the appellants for the purpose of removing the existing residence and the construction of a

"Pizza Hut" restaurant which clearly would be an extension of the commercial character of the area.

The testimony shows that the "Pizza Hut" will be constructed in such a manner that it would be surrounded by a parking area and in addition to the service of food in the restaurant and for taking out provides for the sale of beer and wine. Immediately across the street from the site in question is a Children's Home which houses fifteen children and has been in existence for many years.

The area which lies within the Borough limits is zoned residential. The area in Lawrence Township where the property in question lies has not enacted a zoning ordinance. Even if approval of zoning authorities was given to the establishment it does not affect the power of a court of equity to enjoin it as a nuisance. *Mazeika v. American Oil Company,* 383 Pa. 191, 118 A.2d 142 (1955). The court below permitted testimony that the township was working on such an ordinance and the working maps which had been in existence since 1973 included this area as residential. The appellants complain about the admission of the maps. However, under the circumstances of this case the evidence shows the intention of the township with regard to the area.

The court concluded as follows:

"In this case, this Court is satisfied that to permit construction of the premises would result in such noise, fumes, smells, dust and lights that the normal enjoyment of property surrounding the proposed construction and located within that residential area known as 'Old Town Road' would be unduly disrupted. Rest and sleep would be effected and the increase in traffic would be a danger to residents and especially the children of the area. In addition, the service of beer and wine, a venture previously excluded from the area, would present an additional possibility of danger. The particular character of the 'Old Town Road' neighborhood should be maintained and a 'Pizza Hut' under the circumstances presented here would be out of keeping with the character of the neighborhood, and for the reasons set forth above, a nuisance *per se.*"

The question raised by this appeal is whether the construction of a "Pizza Hut" as described above in the area of "Old Town Road" should be enjoined as a nuisance *per se,* and whether the court below abused its discretion in so ruling.

The testimony showed the subject property to be a 132 foot by 200 foot lot located at the intersection of "Old Town Road" and "Virginia Street" and showed that the neighborhood is principally residential to the east, north and south. To the west are located commercial properties on the same side of "Old Town Road" and residential properties on the opposite side of "Old Town Road." The testimony also showed that the "Pizza Hut" to be constructed would serve pizza, sandwiches and beverages including wine and beer to patrons.

█ In a small borough and county where the President Judge has special and personal knowledge of the area involved his reasoning that the construction of this commercial venture would be a clear commercial expansion and invasion of a unique and easily recognizable residential area at the intersection of "Old Town Road" and "Virginia Street" must be given great weight.

The court relied heavily on *Bortz et al. v. Troth et al.,* 359 Pa. 326, 59 A.2d 93 (1948) where the Supreme Court accepted the Chancellor's findings that a service station would necessarily produce heavy traffic with its accompanying dust, fumes, lights and dangers. The Court in *Bortz,* supra, stated as follows, 359 Pa. at page 331, 59 A.2d at page 96:

"The pivotal issue is whether from this record the pertinent portion of Gilmore Addition can properly be said to be in a state of transition and no longer exclusively residential. If it has lost its strictly residential character, then a gasoline filling and service station cannot be determined a nuisance *per se* and its operation can only be enjoined if a nuisance in fact determined by the manner in which it is operated and the serious results to the immediate neighborhood.

"The character of the use of property in a particular neighborhood is not the sole and decisive test of the right to operate a given business therein: *White v. Country Club*, 322 Pa. 147, 151, 185 A. 316. Consideration must be given to the nature, type, and proximity of dwellings, the effect of property values, increased hazards and dangers to life and limb, and any other circumstance which tends to establish the type of neighborhood into which a business is sought to be introduced. If from all circumstances it clearly appears that the neighborhood has been and remains exclusively residential, cases determining a service or filling station to be a nuisance *per se* control and the court *en banc* erred in dissolving the injunction and dismissing the bill . . . .

"The error of the majority of the court *en banc* was overemphasis upon the proximity of existing business enterprises and failure to recognize the fact that no inroads had been within the area in question which has remained exclusively residential. Boundaries there must be, which divide commercial from residential and residential from exclusively residential. Exclusively residential districts are not to be denied the benefit of principles of law and equity appertaining thereto because bordered by or proximate to districts termed commercial. The site of the proposed gasoline filling and service station is in an exclusively residential district not in a transitional stage. It is well settled that operation thereof in such circumstances constitutes a nuisance *per se,* notwithstanding absence of a zoning ordinance or the efforts of appellees to minimize its offensiveness."

The appellants rely on *Reid v. Brodsky*, 397 Pa. 463, 156 A.2d 334 (1959) in which case the Supreme Court said, in dicta, that a restaurant including the sale of alcoholic beverages is not a nuisance *per se.* However, this was the case of a restaurant-taproom that was in operation and permitted under the zoning ordinance and the equity action was brought for an injunction on the theory that the business was a nuisance in fact. The Supreme Court affirmed the

court below holding that it was a nuisance in fact. The appellants contend that the appellees should await the construction of the "Pizza Hut" and then bring their action after they experience the activity of the restaurant to establish a nuisance *per se* or in fact. We feel under the circumstances of this case that the contention is unreasonable and would prevent the appellants efforts to keep their area residential. The record clearly demonstrates that the court below has reasonable grounds for deciding that the operation of a "Pizza Hut" restaurant in a residential neighborhood would constitute a nuisance *per se*. The court below did not abuse its discretion in so finding. The Pennsylvania Supreme Court has stated that the appellate court will not interfere with the lower court's decision unless that discretion is manifestly abused. *Richard v. Weiser*, 329 Pa. 203, 198 A.2d 29 (1938).

More recently the Supreme Court said:

"We have long and strictly adhered to the rule . . . that, on appeal from a decree which refuses, grants or continues a preliminary injunction, we will look only to see if there were any apparently reasonable grounds for the action of the court below, and we will not further consider the merits of the case or pass upon the reasons for or against such action, unless it is plain that no grounds existed or that the rules of law relied on are palpably wrong or clearly inapplicable." *Northampton Area Joint School Authority v. Building and Construction Trades Council of Allentown, Bethlehem and Easton,* 396 Pa. 565, 570, 152 A.2d 688, 691 (1959).

Decree affirmed.

HOFFMAN and SPAETH, JJ., dissent.

WATKINS, former President Judge, and VAN der VOORT, J., did not participate in the consideration or decision of this case.