Daniel J. LOPEZ, Petitioner,

v.

The DISTRICT COURT, FOURTH JUDI-
CIAL DISTRICT, COUNTY OF EL
PASO, State of Colorado, and the Hon-
orable George M. Gibson, Judge, Re-
spondents.

No. 79SA82.

Supreme Court of Colorado,
En Banc.

Feb. 19, 1980.

Rehearing Denied March 10, 1980.

Murphy, Morris & Susemihl, Peter M. Su-
semihl, Richard V. Lohman, Colorado
Springs, for petitioner.

Cole, Hecox, Tolley, Edwards & Keene, P.
C., W. Thomas Beltz, Colorado Springs, for
respondents.

LEE, Justice.

This original proceeding arises out of a
jurisdictional dispute in a child custody
case. We issued our rule to show cause
why the respondent district court should
not be prohibited from exercising further
jurisdiction and why the subject child,
Christi Lopez, should not be returned to her
father, Daniel J. Lopez. We now make the
rule absolute.

I.

We summarize the factual and procedural
background in order that the posture of the
parties to this proceeding may be better

Daniel Lopez (Daniel) and his wife, Eva,
were married in Colorado Springs in July
1970. They established their marital home
in California and resided there together ap-
proximately two and one-half years. Eva's
son by a previous relationship, Patrick Enri-
quez, lived with them in California. A
daughter, Christi, who is the subject of this
custodial controversy, was born on October
11, 1972. Early in January 1973, as a result
of marital discord, Eva took Patrick and
Christi back to Colorado, where they moved
in with Eva's mother and stepfather, Mary
Bella and Eulalio Bustamante.[1]

In February 1973, Daniel was severely
injured in an automobile accident and was

---

1. Although no transcripts of testimony have
been furnished, it appears from the record that
Eva's departure with the two children was
without Daniel's approval or consent.

unable to work for a period of months. He was able, however, to visit with his daughter in Colorado.

In 1974, Eva and the two children returned to California where she and Daniel attempted to reconcile their marriage. Seven months later, Eva and the children returned to the Bustamantes in Colorado. Daniel regularly communicated with the Bustamantes and made several visits to Colorado to see his daughter Christi.

In 1976, Daniel became aware that Eva had left the Bustamante home and was living with friends in New Hampshire. Christi was left in the care of the Bustamantes. Late in 1976, Daniel requested that the Bustamantes send Christi and Patrick to California for Christmas. The Bustamantes agreed to this and they arrived on December 19, 1976. Prior thereto, on December 15, 1976, Daniel had commenced an action for dissolution of marriage in the Superior Court of California, in which he asked for custody of Christi. Eva was personally served with process in New Hampshire but did not respond in the proceedings. After the Christmas holidays, Patrick was returned to Colorado and Daniel advised the Bustamantes that he was keeping Christi in California.

The Bustamantes then filed suit, on January 7, 1977, in respondent district court, seeking custody of Christi under the Uniform Child Custody Jurisdiction Act. Daniel was served with process in California on January 18, 1977. He appeared specially in the Colorado action to contest the jurisdiction of the court. The respondent court awarded temporary custody to the Bustamantes on March 16, 1977, and issued a final decree, awarding custody to the Bustamantes, on July 11, 1977. Daniel was not represented by counsel at either hearing.

On April 25, 1977, the California Superior Court entered an interlocutory judgment of dissolution of marriage and awarded custody of Christi to Daniel. On August 12, 1977, the Bustamantes petitioned to intervene in the California action, and were made parties on August 22. That same day, the court entered a final judgment of dissolution of marriage and continued the custody of Christi with Daniel.

The California court then appointed a guardian ad litem to represent Christi, and an investigation was made in behalf of the court concerning custody of Christi, pursuant to which a child psychiatric evaluation and report was submitted to the court, recommending that Christi remain with Daniel in California.

On December 22 1977, an evidentiary hearing was held in the California court on the claim of the Bustamantes to custody of the child, under the provisions of the Uniform Child Custody Jurisdiction Act. Eva appeared in person but without counsel at this hearing. The Bustamantes were represented by counsel and Mrs. Bustamante testified in person. The California court entered its order on March 22, 1978, modifying the previous judgment entered in the dissolution of marriage proceeding. It specifically found that it had jurisdiction under the Act, Cal.Civil Code § 5152(1)(b) (West, 1979 Supp.).[2] The court reaffirmed its award of custody to Daniel, but modified its decree to provide the Bustamantes with visitation rights, and ordered Daniel to pay their attorney's fees of $500, and $300 for their traveling expenses. The Bustamantes appealed from the custody order, but the appeal was dismissed in June 1978.

In July 1978, pursuant to the visitation order of the California court, Daniel brought Christi to Colorado to visit the Bustamantes. At the end of the visitation, the Bustamantes refused to return Christi to Daniel. They obtained a temporary restraining order in the respondent district court enjoining Daniel from taking custody of Christi.

2. "(b) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships." See section 14–13–104(1)(b), C.R.S.1973.

The Bustamantes then filed a petition in respondent district court for a declaratory judgment that the final decree of that court, entered July 11, 1977, awarding them custody was valid and binding on the parties.

Daniel filed a motion in respondent district court to dismiss for lack of jurisdiction. The district court concluded that it had jurisdiction, and affirmed its final decree awarding custody of Christi to the Bustamantes. The court permanently restrained and enjoined Daniel from taking his child out of Colorado.

Daniel then sought relief from that declaratory order in this court, contending that the respondent court was without jurisdiction to make a child custody determination under the circumstances of this case. We agree with Daniel.

II.

■ The sole issue to be resolved by this court is whether the respondent district court, under the circumstances of this case, had jurisdiction to make a custody determination under the Uniform Child Custody Jurisdiction Act. We hold that it was without such jurisdiction.

The Uniform Child Custody Jurisdiction Act (Act), provides in pertinent part:

"A court of this state shall not exercise its jurisdiction under this article if at the time of filing the petition a proceeding concerning the custody of the child *was pending* in a court of another state exercising jurisdiction substantially in conformity with this article, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons." Section 14–13–107(1), C.R.S.1973. (Emphasis added.)

The respondent court determined that it had jurisdiction since there was no proceeding "pending" in California when the Colorado action was commenced in January of 1977, and that the respondent court had jurisdiction because Colorado had been Christi's "home state" for more than six months preceding commencement of this action. Section 14–13–104(1)(a), C.R.S. 1973.[3]

Respondent court reasoned that the action was not "pending" in the California court since the Bustamantes had not been notified of the action at the time they brought suit in Colorado.[4] We do not agree with this interpretation of the California law. The California Code of Civil Procedure, in section 1049, provides:

"An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied."

The California code further provides in section 411.10 that "[a] civil action is commenced by filing a complaint with the court." *See also Rilcoff v. Superior Court of Los Angeles County*, 50 Cal.App.2d 503, 123 P.2d 540 (1942); *accord, Loftis v. Superior Court*, 205 Cal.App.2d 148, 23 Cal.Rptr. 125 (1962). The record is clear that Daniel filed his complaint in the California Superior Court on December 15, 1976. The Bustamantes did not file their claim in Colorado until January 7, 1977.

The respondent court further justified its conclusion that there was no "pending" proceeding in California because the Bustamantes, as "adverse parties claiming custody," had not been served with process in the California proceeding; and, therefore, the

3. "A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
   "(a) This state is the home state of the child at the time of commencement of the proceeding, or had been the child's home state within six months before commencement of the proceeding, and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state * * *."

4. California does not require the joinder of interested parties in an action for termination of marriage which involves the custody of a minor child. Cal.Civil Code § 4363 (West, 1979 Supp.).

California court had no jurisdiction to resolve the custody dispute under the uniform custody act. This contention is answered by our previous discussion of the California Code of Civil Procedure provisions relating to commencement of an action and pendency of an action. Whether the California proceeding be regarded as a dissolution of marriage or as one under the uniform custody act, it is clear that the proceeding was pending in that court prior to the Colorado proceeding.

■ The jurisdictional test to render a valid decree under the uniform custody act is whether the "contestants"[5] had reasonable notice and opportunity to be heard. Section 14–13–105, C.R.S.1973. As the record shows, the Bustamantes were made parties to the California proceeding and were afforded the opportunity to appear and present testimony.[6]

In the case here before us, the issue of custody was first raised in the California Superior Court. That court made a specific finding that it had jurisdiction based on the California Civil Code § 5152(1)(b). (See footnote 2.) We find no reason to dispute this determination of the California court.

Accordingly, we conclude that the respondent court was precluded from exercising jurisdiction to permanently enjoin petitioner Daniel Lopez from removing his child, Christi, from the state of Colorado, and it was error for the court to deny his motion to dismiss the Colorado custody proceeding.

Rule made absolute.

---

5. " 'Contestant' means a person, including a parent, who claims a right to custody or visitation rights with respect to a child." Section 14–13–103(1), C.R.S.1973.

6. The authors of the Act recognized that "jurisdiction may exist in more than one state under the 'home state' and 'strong contacts' clauses * * *," but that such jurisdiction "may not be *exercised* concurrently in two or more states." Bodenheimer, "The Uniform Child

Custody Jurisdiction Act: A Legislative Remedy for Children Caught in the Conflict of Laws," 22 *Vand.L.Rev.* 1207 (1969). Where both states could exercise jurisdiction, the Act establishes the rule that exclusive jurisdiction is conferred "on the court in which the matter is first raised." *Clark v. Superior Ct. In and For County of Mendocino,* 73 Cal.App.3d 298, 140 Cal.Rptr. 709 (1977). *See Fry v. Ball,* 190 Colo. 128, 544 P.2d 402 (1975).