512 A.2d 14

**Todd and Brad LEVINSON, Through Their Guardian and Natural Parent Gary LEVINSON, and Gary Levinson, individually, Appellants,**

v.

**Susan Austrian Nee LEVINSON, Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 23, 1986.

Filed June 27, 1986.

Harry M. Byrne, Jr., Philadelphia, for appellee.

Before OLSZEWSKI, TAMILIA and KELLY, JJ.

KELLY, Judge:

Appeal from the Order of the Court of Common Pleas of Montgomery County as Civil Action-Law No. 85–13135 en-

tered on September 3, 1985. We affirm, in part, and quash the appeal in part.

The facts of the case are as follows: appellant and appellee Gary Levinson and Susan Austrian Levinson, respectively, were married and divorced in Minnesota.[1] During their marriage they had two sons. Custody of the minor children was shared by the parents after the divorce; each parent had joint legal and physical custody. Later the parents renegotiated their original custody arrangement; a court ordered stipulation was entered into on August 6, 1984. Each parent continued to be the children's legal and physical custodian. Ms. Austrian was to retain physical custody of the boys during the school term at her domicile in the Virgin Islands; Mr. Levinson would care for the boys during all their vacations in Pennsylvania. The parties further stipulated Minnesota would retain jurisdiction of subsequent custody modifications.

This arrangement was in effect when the youngest boy, Todd, first appeared to be experiencing difficulties in school. He was not promoted from first to second grade. Over the summer, while in Mr. Levinson's custody, Todd was tutored, and finally tested for learning disabilities. Upon receiving a diagnosis of learning disability from medical personnel in Montgomery County, Pennsylvania, Mr. Levinson asked Ms. Austrian if he could retain custody of both children in order that Todd might be enrolled in a special school in Pennsylvania, and so that the boys need not be separated. Ms. Austrian refused. Mr. Levinson then commenced legal action to retain custody of the boys.

Mr. Levinson filed a motion on or about August 12, 1985 in the Court of Hennepin County, Minnesota, pursuant to § 5348 of the Uniform Child Custody Jurisdiction Act (UCCJA), requesting Minnesota declare itself an inconven-

---

1. For the purposes of this opinion, we address Gary Levinson as sole appellant. We find the inclusion of the two boys within the caption to be a matter of form and not substance; the actual contestants herein are the two parents. Their sons are the subjects of the appeal and not additional parties. We note that Appellant Levinson has not been named guardian *ad litem* of his sons in this court action.

ient forum, despite the parties' 1984 agreement to resolve custody disputes in Minnesota.[2] The Minnesota referee, on August 15, declined to refuse jurisdiction, issuing no opinion.

On August 19, Mr. Levinson, appeared before the Honorable Albert Subers, J., in Montgomery County Common Pleas Court, Pennsylvania, and petitioned for a stay of the existing custody order. That stay was granted pending a full hearing on the merits of Mr. Levinson's Rule and Petition, which requested that Pennsylvania assert jurisdiction to modify the existing custody arrangement. Ms. Austrian filed preliminary objections thereto, challenging, *inter alia*, the exercise of jurisdiction by Pennsylvania. On August 23, prior to the hearing in Montgomery County scheduled for September 3, the appellant filed an appeal of the Referee's decision in the District Court of Minnesota.

In the Common Pleas Court of Montgomery County, on September 3, after argument and hearing before the Honorable Yohn, J., the Pennsylvania stay order was dissolved,

**2.** § 5348. Inconvenient forum
 (a) General rule.—A court which has jurisdiction under this subchapter to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.
 (b) Moving party.—A finding of inconvenient forum may be made upon the court's own motion or upon motion of a party or a guardian ad litem or other representative of the child.
 (c) Factors to be considered.—In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others:
 (1) If another state is or recently was the home state of the child.
 (2) If another state has a closer connection with the child and his family or with the child and one or more of the contestants.
 (3) If substantial evidence concerning the present or future care, protection, training, and personal relationships of the child is more readily available in another state.
 (4) If the parties have agreed on another forum which is no less appropriate.
 (5) If the exercise of jurisdiction by a court of this Commonwealth would contravene any of the purposes stated in section 5342 (relating to purposes and construction of sub-chapter).

the children were ordered to be returned to the Virgin Islands, and the Pennsylvania proceedings seeking a modification of the existing custody order were stayed pursuant to 42 Pa. C.S.A. § 5347.[3]

42 Pa. C.S.A. § 5347(a) specifically mandates:

(a) General rule—A court of this Commonwealth shall not exercise its jurisdiction under this subchapter if at the time of filing the petition a *proceeding* concerning the custody of the child was *pending* in a court of another state exercising jurisdiction substantially in conformity with this subchapter, unless the *proceeding* is stayed by the court of the other state because this Commonwealth is a more appropriate forum or for other reasons.

(Emphasis added).

Appellant Levinson argues that the actions of the court below were erroneous; he raises five issues on appeal arguing in main part that the lower court erred in staying Pennsylvania proceedings, and that Pennsylvania should exercise jurisdiction to modify the existing custody order. We disagree with appellant's arguments and therefore quash the appeal with regard to the stay of Pennsylvania proceedings, and affirm the lower court with regard to the dissolution of Judge Subers' stay order.

Appellant's first issue on appeal avers that the trial court erred in staying the Pennsylvania proceedings pursuant to § 5347 "Simultaneous Proceedings in Other States." After the Minnesota referee declined to declare Minnesota an inconvenient forum on August 15, appellant filed an appeal in Minnesota district court on August 23. Appellant argues these Minnesota actions were not "proceedings" within the

3. The court's opinion, dated November 27, 1985, states: "Because the custody proceedings in Minnesota are still pending, and because the Minnesota court declined to stay those proceedings, the Act requires that this court decline to exercise jurisdiction pending a final determination by the Minnesota court in accordance with the provisions of § 5347(a)." p. 6. We take as *dicta,* as the lower court meant us to, the discussion of alternative bases for Pennsylvania's exercise of jurisdiction. "Although the jurisdictional section of the Act *was not the basis of the court's decision to stay the proceedings,* it is appropriate to note...." at 7. (emphasis added).

meaning of § 5347 but were "purely a legal argument on the question of that state's continuing jurisdiction over parties." (Reply Brief at 4). Appellant buttresses his argument by citing *Warman v. Warman,* 294 Pa.Super. 285, 439 A.2d 1203 (1982). He claims *Warman* stands for the proposition that a "custody proceeding" must produce decisions, orders or instructions in order to rise to the level of a "proceeding." He further argues that the Minnesota court actions of the original referee produced no substantive results—such as decisions, orders or instructions—and thus were not "proceedings."

 Appellant misconstrues *Warman.* Appellant confuses "custody determinations" with "custody proceedings." The court in *Warman* defined "custody determinations" as being proceedings which produce decisions, orders or instructions. As for "custody proceedings," the court found the definition "oddly worded" as it "appears to address itself only to such court actions as might be doubtful of definition.... The presumption, of course, is that any hearing *solely* concerned with the physical possession and control of a child is so obviously a 'custody proceeding' as not to need clarification." *Warman,* at 1209. Black's Law Dictionary, 5th Ed., defines "proceeding" as the "form and manner of conducting juridical business before a court or judicial officer. Regular and orderly progress in form of law, including *all possible steps in an action* from its commencement to the execution of judgment." Black's Law Dictionary 1083 (5th ed. 1979) (emphasis added). We hold that a determination of the convenience of a forum is a "possible step in an action and properly constitutes juridical business." Therefore, we find no logical basis for holding that a motion to declare a forum inconvenient is not a proceeding within the meaning of the UCCJA. We reject appellant's first contention.

Appellant further argues that because he filed a petition in Pennsylvania on August 19, in the interim period between the Minnesota referee's adverse decision of August 15, and his own filing of an appeal to the Minnesota District

Court on August 23, there were no proceedings *pending* in Minnesota. Once the original court order is announced, jurisdiction remains in the lower court until either an appeal is filed, or the time for filing appeals has tolled. In Minnesota, as in Pennsylvania, once an appeal is filed, jurisdiction shifts instantly from the lower to the appellate court. *County of Hennepin v. Brinkman,* 378 N.W.2d 790 (Minn. 1985); *Cronin v. Cronin,* 372 N.W.2d 778 (Minn.App.1985); see, Pa.R.A.P. 1701(a). Jurisdiction remains in the lower court until the time for appeal has passed or an appeal is filed, especially, as in the instant case, where the lower court's decision is that it retains jurisdiction of a custody order.

A suit is pending, according to Pennsylvania holdings, from its commencement until its final determination. *Groff v. Township of Ulster,* 65 Pa.Cmwlth. 584, 442 A.2d 1255 (1982).[4] Other courts which have examined the meaning of "pending" as used in § 5347(a) have reached similar conclusions. For example, the Supreme Court of Colorado, applying California civil procedure law to interpret the California version of the UCCJA, noted that "[A]n action is deemed to be pending . . . until its final determination upon appeal, or until the time for appeal has passed. . . ." *Lopez v. Dist. Court, 4th Jud. Dist., etc.,* 199 Colo. 207, 606 P.2d 853, 855 (1980). Moreover, "the policy against simultaneous custody proceedings is so strong. . ." that courts should refrain from exercising jurisdiction to further the purposes of the Act. *See, Rexford v. Rexford,* 631 P.2d 475, 479 (S.Ct. Alaska 1980). Finally, as long as one state is exercising jurisdiction, there is no concurrent jurisdiction to modify a decree under the act. *See, Neger v. Neger,* 93 N.J. 15, 459 A.2d 628, 636 (1983).

■ We thus reject appellant's arguments that the Minnesota court actions were not *proceedings,* and that since

---

**4.** *"Pendency is the state of an action after it has been begun and before the final disposition of it.* The action in the instant case had been finally disposed of and concluded on June 28, 1980, *following the end of the appeal period applicable to the lower court's decree absolute* of May 29, 1980." *Groff* 442 A.2d at 1256. (emphasis added).

the appeal had not been filed, no proceeding was *pending.* We find that custody *proceedings* were *pending* in Minnesota when the Montgomery County Court of Common Pleas properly issued its decision to stay the Pennsylvania proceedings. The stay of the Pennsylvania proceedings by Judge Yohn pursuant to § 5347 because there was a pending proceeding in Minnesota is not a final order, hence it is interlocutory and nonappealable.[5]

We find no need to reach the merits of appellants' argument concerning § 5355, which states in pertinent part:

> (a) if a court of another state has made a custody decree, a court of this Commonwealth shall not modify that decree unless:
>
> (1) It appears to the court of this Commonwealth that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this subchapter or has declined to assume jurisdiction to modify the decree; and
>
> (2) *the court of this Commonwealth has jurisdiction.* [R.258a]

(emphasis added). We find that in order to apply § 5355 to the facts before us we would have to determine in part whether this Commonwealth has jurisdiction. 42 Pa.C.S.A. § 5355(a)(2). The lower court properly has stayed determination of the jurisdiction issue. We may not address this issue as it is as yet interlocutory. Therefore, we quash the appeal with respect to the issues of jurisdiction raised by appellant.[6] Pa. R.A.P. 311.

5. It is axiomatic that interlocutory appeals are not subject to interim appeal absent statutory provison or judicial exception. We find none in the instant case. *See Fried v. Fried,* 509 Pa. 89, 501 A.2d 211 (1985).

6. We take notice of the fact that after the lower court opinion was rendered, the Minnesota referee's determination was reversed. The Hennepin County District Court found that Minnesota is not an appropriate forum for deciding any modification of the original or amended custody decree. The Montgomery County court is now free to complete its determination of whether Pennsylvania may properly exercise jurisdiction in this case, either alone or in conjunction with the Virgin Islands, as the Minnesota court suggests. *See also Commonwealth ex rel. Octaviano v. Dombrowski,* 290 Pa.Super. 322, 434

Appellant argues the lower court's dissolution of the stay order which delayed effectuation of the existing custody order was error. His remaining issue was raised in his reply brief (brief at 20). In the original Rule to Show Cause issued on August 19, 1985, Judge Silvers ordered "All proceedings *or action* which would involve *the movement or relocation of the children* to stay meanwhile." (Emphasis added).

■ Judge Yohn, in dissolving the stay order, wrote that: ".... the children were ordered returned to the Virgin Islands pursuant to the original custody order." Opinion at 4. This stay order clearly extended beyond a stay of *proceedings* to include a prohibition on a party's actions. The dissolution of that order similarly was directed not just to the proceedings but had the effect of permitting appellee to remove her children to the Virgin Islands. If appellee had attempted to remove her children prior to the dissolution issued September 3, she would have been in contempt of court and subject to penalties thereby. Thus, for the foregoing reasons we determine this particular stay order to be in the nature of an injunction.[7]

Such a dissolution of an injunction, though interlocutory, is appealable. Pa. R.A.P. 311(a)(4). Our review of this dissolution is limited however, to considering whether there existed any apparently reasonable grounds for the court's action. We must affirm the decision unless there was a

A.2d 774, (1981). (A finding of inconvenient forum cannot properly be made unless the court finds that the court of another state is a more appropriate forum.)

7. Black's Law Dictionary defines a stay as ".... a kind of injunction with which a court freezes its proceedings at a particular point....."; Black's Law Dictionary 1267 (5th Ed.1979).

Injunction is defined by Black's as "... a *prohibitive,* equitable *remedy* issued or granted by a court at the suit of a party complainant, *directed to a party* defendant in the action, or to a party made a defendant for that purpose, *forbidding the latter to do some act, or to permit his servants or agents to do some act,* which he is threatening or attempting to commit, or restraining him in the continuance thereof, such act being unjust and inequitable, injurious to the plaintiff, and not such as can be adequately redressed by an action at law." (Emphasis added); Black's, *supra,* at 705.

416

clear abuse of discretion or palpable legal error committed. *Buttonwood Farms, Inc. v. Carson,* 329 Pa.Super. 312, 478 A.2d 484 (1984); *Broad and Locust Associates v. Locust-Broad Realty Co.,* 318 Pa.Super. 38, 464 A.2d 506 (1983); *Diehl v. Lockard,* 254 Pa.Super. 111, 385 A.2d 550 (1978).

■ We find that there was a reasonable basis for the court to determine that returning the children to their mother was in the best interest of the children. The desire to preserve the stability of the children's environment as the school year was about to begin, in the absence of any life-threatening emergency, was an adequate reasonable basis for dissolution of the stay order. We affirm the lower court action with regard to this issue.

Therefore, for the reasons stated above, we quash the appeal in part, we affirm in part and we relinquish jurisdiction.