386 S.E.2d 487

**Charlene BALDWIN**

v.

**John MOSES, Magistrate of Mingo County; Joey Kohari, Magistrate of Mingo County; Bill Webb, Magistrate of Mingo County; and Claude Snavely, Clerk of the Magistrate Court of Mingo County.**

**No. CC992.**

Supreme Court of Appeals of West Virginia.

Oct. 27, 1989.

Paul R. Sheridan, Logan, Mary V. Rehmann, Williamson, for appellant.

Michael Thornsburg, Williamson, for appellee.

MILLER, Justice:

We accepted the following certified question from the Circuit Court of Mingo County:

"Whether a Magistrate Court has jurisdiction to grant any relief pursuant to *W.VaCode* § 48–2A–1 *et seq.* (The Prevention of Domestic Violence Act) to a petitioner who is being allegedly abused by her ex-husband, who is not presently a member of her household, where the parties are divorced and their final divorce order permanently enjoins each of them from molesting, interfering, or annoying the other."

The circuit court answered the question in the negative. For reasons more fully set out herein, we answer the question in the affirmative.

The certified question obviously pertains to the jurisdictional scope of W.Va.Code, 48–2A–1, *et seq.*, the Prevention of Domestic Violence Act (hereinafter the Act), enacted in 1979.[1] Of considerable importance to the resolution of the certified question is this language in W.Va.Code, 48–2A–1: "It is further intended that no proceeding under this article shall be initiated during the pendency of a divorce action between the person seeking relief under the provisions of this article and the alleged defendant."[2] We noted this language in *In the Matter of McGraw*, 178 W.Va. 415, 418, 359 S.E.2d 853, 856 (1987), and made this statement: "Although the pendency of a divorce action precludes issuance of a domestic violence protective order by a magistrate, nothing prohibits an abused spouse from charging the other spouse with criminal conduct."

The primary argument against assertion of jurisdiction under the Act is that because a circuit court retains continuing jurisdiction to modify a divorce decree,[3] the divorce action is, in a sense, still "pending." We do not believe that the circuit court's continuing jurisdiction in domestic relations cases can be equated to "the pendency of a divorce action" within the meaning of the Act. The pendency of a suit is traditionally defined as beginning when the petition or complaint is filed and concluding when a final order is entered disposing of the suit. *Russ Togs, Inc. v. Grinnell Corp.*, 426 F.2d 850 (2d Cir.), *cert. denied*, 400 U.S. 878, 91 S.Ct. 119, 27 L.Ed.2d 115 (1970); *Lopez v. District Court*, 199 Colo. 207, 211, 606 P.2d 853, 855 (1980); *Hebert v. Doctors Memorial Hosp.*, 486 So.2d 717, 720 (La.1986); *Smith v. Smith*, 265 N.C. 18, 25–26, 143

1. *See* 1979 W.Va.Acts ch. 34.

2. W.Va.Code, 48–2A–1, outlining the purpose of the Act, reads in full:

    "The purpose of this article is to prevent continuing abuse of one family or household member at the hands of other family or household member. Nothing contained in this article shall be construed as affecting the abused party's rights of action or claims which are otherwise provided for in this Code or by common law. An abusing party will remain subject to a damage claim or charges of criminal conduct. It is the intent of the legislature to provide temporary and immediate relief for an abused party so that he or she may make rational decisions regarding their future, thus enabling them to initiate procedures for appropriate permanent remedies. It is further intended that no proceeding under this article shall be initiated during the pendency of a divorce action between the person seeking relief under the provisions of this article and the alleged defendant."

3. *See* Syllabus Point 1, *Carr v. Carr*, 180 W.Va. 12, 375 S.E.2d 190 (1988), *quoting* Syllabus Point 1, *State ex rel. Ravitz v. Fox*, 166 W.Va. 194, 273 S.E.2d 370 (1980).

S.E.2d 300, 305 (1965); *Levinson v. Levinson,* 354 Pa.Super. 407, 412–13, 512 A.2d 14, 17 (1986); *Black's Law Dictionary* 1020 (5th ed. 1979). Once the final decree was entered in the divorce action below, such action was no longer "pending," and the circuit or magistrate court had jurisdiction under the Act.[4]

■ Nor do we believe that any meritorious argument can be made on the basis that a former husband cannot be deemed a "family or household member." This term is defined in W.Va.Code, 48–2A–2(b), and it clearly applies to former spouses who no longer reside in the household: " 'Family or household members' means spouses, persons living as spouses, *persons who formerly resided as spouses,* parents, children and stepchildren, or other persons related by consanguinity or affinity." (Emphasis added).

■ Finally, we also reject any claim that a final divorce decree which enjoins each party from molesting or annoying the other deprives the circuit or magistrate court of jurisdiction under the Act. First, there is no suggestion in the language of the statute that such a provision in a final decree supercedes the operation of the Act. Second, it is clear that the Act provides a series of immediate remedies, as set out in W.Va.Code, 48–2A–5, 48–2A–6, 48–2A–7, and 48–2A–10, which are much more efficacious than attempting to enforce the provisions of the final divorce decree.

We have no doubt that the legislature was aware of the deficiencies in divorce procedures in providing a prompt deterrent against domestic violence and for that reason took the commendable step of enacting this statute. We therefore summarize the answer to the certified question as follows: A magistrate court has jurisdiction to grant any relief pursuant to the Act, W.Va. Code 48–2A–1, *et seq.,* to a petitioner who is allegedly being abused by her ex-husband, not presently a member of her household, where the parties are divorced and their final divorce order enjoins each of them from molesting, interfering, or annoying the other.

The certified question having been answered, this proceeding is remanded to the circuit court.

Certified question answered and dismissed.

---

4. It is also clear under W.Va.Code, 48–2A–3, that circuit and magistrate courts have concurrent jurisdiction and that domestic violence petitions have priority status:
    "Circuit courts and magistrate courts, as constituted under chapter fifty of this Code, shall have concurrent jurisdiction over proceedings under this article. The complaining party's right to relief under this article shall not be affected by his or her leaving the residence or household to avoid further abuse. Any petition filed under the provisions of this article shall be given priority over any other civil action before the court except actions in which trial is in progress, and shall be docketed immediately upon filing."