## CIRCUIT COURT OF FAIRFAX COUNTY

Mary E. Marshall

    v.

Toyota Motor
Manufacturing et al.

### August 8, 2000

### Case No. (Law) 178405

BY JUDGE ARTHUR B. VIEREGG

This matter comes before the Court upon defendant TRW Technar, Inc.'s (TRW) motion to dismiss and plea in bar and upon the pleas in bar of Toyota Motor Sales, U.S.A., Inc., (TMS) and Toyota Motor Credit Corporation (TMCC). After considering the arguments of counsel at the hearing on July 28, 2000, the Court denies all pleas in bar but grants TRW's motion to dismiss.

Each of the defendants' pleas in bar are based on the same general argument and set of facts. The plaintiff, Mrs. Marshall, was involved in an auto accident on March 20, 1996. On March 19, 1998, one day before the applicable statute of limitations had run, Va. Code Ann. § 8.01-243(A), Mrs. Marshall filed her products liability action in the United States District Court for the Eastern District of Virginia. Due to lack of diversity, the district court dismissed Mrs. Marshall's action on August 5, 1998. Mrs. Marshall filed a motion for reconsideration, which was denied on September 22, 1998. She then filed a timely appeal, which was denied on June 14, 1999, by the United States Court of Appeals for the Fourth Circuit. By that date, Mrs. Marshall had filed this suit on February 23, 1999. Defendants base their pleas in bar on the following arguments: (1) the tolling provision of Va. Code Ann. § 8.01-229(E)(3) does not apply to cases dismissed in federal court and (2) Va. Code Ann. § 8.01-229(E)(1) does not assist Mrs. Marshall because she failed to file

this suit within the one day remaining before the statute of limitations period expired. For the reasons that follow, this Court denies the defendants' pleas in bar.

### Defendants' Pleas in Bar

The defendants first assert that Va. Code § 8.01-229(E)(1), not § 8.01-229(E)(3), governs the tolling issues before the Court. Subsection (E)(1) states that:

> Except as provided in subdivision 3 of this section, if any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought and another action may be brought within the remaining period.

Subsection (E)(3) states that:

> If a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date of the order entered by the court[.]

Because this action is not a nonsuit, subdivision (E)(1) rather than (E)(3) applies. Mrs. Marshall cites *Scoggins v. Douglas*, 760 F.2d 535 (4th Cir. 1985), as authority for entitling her to the six-month extension afforded by subdivision (E)(3). The plaintiff in *Scoggins*, however, voluntarily dismissed his district court case pursuant to FRCP 41(a)(1). In contrast, Mrs. Marshall's case was involuntarily dismissed by the district court for lack of diversity. Such facts are not the functional equivalent of a nonsuit, and, accordingly, subdivision (E)(3) is inapplicable to Mrs. Marshall's action.

Defendants next contend that irrespective of the tolling and suspending effect of subdivision (E)(1), the plaintiff's action is time-barred. Defendants contend that upon the dismissal of her district court action, Mrs. Marshall had one day remaining to file her suit in state court and avoid the bar of Va. Code § 8.01-243(A).

The running of the limitations period, however, only recommences when the action in the district court is no longer "pending." *See* Subsection (E)(1),

cited above. Mrs. Marshall's Motion for Reconsideration[1] and subsequent appeal[2] extended the pendency of her district court action until June 14, 1999, when her appeal was finally dismissed. While neither party furnished authority on this issue, a review of the law supports the view that a case on appeal is pending until the appellate court rules upon the appeal. In the cases reviewed, all but one court determined that the pendency of the appeal tolls the statute of limitations. *See Williams v. Blumer*, 763 S.W.2d 242 (Miss. App. 1989); *Darin v. Haven*, 175 Mich. App. 144, 437 N.W.2d 349 (Mich. App. 1989); *Pizel v. Zuspann*, 247 Kan. 54, 795 P.2d 42 (Kan. 1990); *Baldwin v. Moses*, 182 W. Va. 120, 386 S.E.2d 487 (W. Va. 1989); *In re Custody of Rector*, 39 Colo. App. 111, 565 P.2d 950 (Colo. App. 1977); *Bull v. Bull*, 109 Mich. App. 328, 311 N.W.2d 768 (Mich. App. 1981); *cf. P. B. Realty Co. v. Wallace*, 57 Ohio L. Abs. 54, 93 N.E.2d 603 (Ohio App. 1950). Since she filed suit in this Court before the dismissal of the appeal to the Fourth Circuit Court of Appeals, her suit here is not time-barred. Nor do the defendants present any authority to the contrary. Accordingly, the defendants' "one-day" argument is denied as without merit.

### *TRW's Motion to Dismiss*

In its motion to dismiss, defendant TRW asserts that Mrs. Marshall is precluded from obtaining a judgment against them because she did not achieve service upon TRW within one year of filing her action in this Court. Rule 3:3 of the Rules of the Virginia Supreme Court states, in pertinent part:

> No judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him.

Mrs. Marshall filed her suit in Fairfax County on February 23, 1999. On February 24, 2000, the Clerk's office served the Motion for Judgment on the Secretary of the Commonwealth of Virginia. On March 9, 2000, the Secretary of the Commonwealth then forwarded the Notice and Motion for Judgment on TRW.

Mr. Marshall, counsel for Mrs. Marshall, does not deny that he failed to achieve service of process within the one-year time period mandated by Rule

---

[1] FRCP No. 59 allows 10 days for the filing of a Motion for Reconsideration.

[2] 28 U.S.C. § 2107 allows 30 days for the filing of an appeal.

3:3. Instead, Mr. Marshall relies upon the "due diligence exception" to this rule. Mr. Marshall claims that between his busy one-man legal practice, inclement weather, and a faulty memory, he did not attempt service of process before February of 2000. In addition, Mr. Marshall claims that on February 8, 2000, he delivered to the Fairfax Clerk's office a request for service and that any delays within that office were "out of his hands."

This suit was filed February 23, 1999. At that time Mr. Marshall possessed TRW's name and address and might have achieved service through the Secretary of the Commonwealth through Virginia's Long-Arm Statute. Mr. Marshall chose to procrastinate, not initiating service on the Secretary of the Commonwealth until fifteen days before the date of preclusion under Rule 3:3. Furthermore, after filing papers with the Clerk of this Court to initiate service, he took no steps to ensure that service would be timely effectuated. Mr. Marshall's conduct accordingly does not constitute due diligence. The action against TRW is dismissed with prejudice.