## CIRCUIT COURT OF HANOVER COUNTY

Jeffrey Thornton

v.

Estes Express Lines et al.

March 18, 2009

Case No. CL08000865-00

BY JUDGE J. OVERTON HARRIS

On December 11, 2008, Defendants filed in this Court a Motion to Dismiss. The Court heard the motion on March 13, 2009, and took the matter under advisement. Upon thorough review of the pleadings and the law, the Court finds as follows.

### I. *Background*

All claims in this matter arise from a motor vehicle collision that took place on Interstate 95 in Hanover County on July 25, 2005. On July 24, 2007, Plaintiff filed an action against Defendants in the Court of Common Pleas of Hamilton County, Ohio. On September 6, 2007, Plaintiff filed this action, which is substantially identical to the Ohio action, in the Circuit Court of the City of Norfolk. The Ohio action was transferred to the Norfolk Circuit Court by Court Order dated September 18, 2007.

On July 8, 2008, Judge Martin issued a Final Order striking the original action from the Norfolk docket, finding that the Ohio court had no authority to transfer the matter to Virginia. The original action was stricken without prejudice to the rights of the parties and with contemplation that an identical action remained.

On October 7, 2008, this action was properly transferred to Hanover County by Order of the Norfolk Circuit Court. Defendants now seek dismissal of this action on the grounds that it was untimely filed.

## II. *Analysis*

The Code of Virginia § 8.01-243(A) states, "[E]very action for personal injuries, whatever the theory of recovery . . . shall be brought within two years after the cause of action accrues." The statute of limitations is not absolute, however, and may be tolled or suspended in certain circumstances. Va. Code § 8.01-229. In particular, Va. Code § 8.01-229(E)(1) states:

> [I]f any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period.

In this case, an action was filed in the Ohio court one day before the running of the statute of limitations. The fact that the original action was filed in another state, and perhaps in an improper venue, is of no concern to this Court. The plain language of the tolling statute contemplates "any action" commenced within two years. Va. Code § 8.01-229(E)(1). The commencement of the Ohio action falls within the statute.

This action was also brought within the remaining period allowed by the statute of limitations once the original action had ended, in this case one day. The fact that this action was commenced before the tolling period ended is not of consequence.

This case is similar to the situation faced in *Marshall v. Toyota Motor Manufacturing*, 55 Va. Cir. 451 (Fairfax County 2000). In that case, the plaintiff filed suit in federal court one day before the statute of limitations ran. The federal court dismissed the suit for lack of diversity, and the plaintiff timely appealed the case to the United States Court of Appeals for the Fourth Circuit. While the federal case was yet pending, the plaintiff filed suit in the Circuit Court of Fairfax County. The Fourth Circuit finally dismissed the federal case some months later, and the state case proceeded. Judge Vieregg found that the commencement and pendency of the federal action tolled the limitations period under Va. Code § 8.01-229(E)(1). *Id.* This Court agrees with the analysis in *Marshall* and applies it to this case.

This action is not time-barred, and thus Defendants' Motion to Dismiss is denied.