# CHARLESTON.

## WARD *et al.* v. EVANS *et al.*

### Decided March 16, 1901.

1. JUSTICE—*Jurisdiction—Prohibition—Error—Judgment.*

    A writ of prohibition does not lie for a mere error of judgment by a justice in deciding upon the law and facts in a case of which he has jurisdiction, though the amount be too small for an appeal. (p. 186).

2. PARTY MAY WAIVE PART AND SUE FOR BALANCE.

    A party may waive part of his demand, and sue before a jus-

tice for the balance, if the justice would have jurisdiction of the whole, though the effect is to cut off the right to an appeal. By suing for part, he releases the balance. A prohibition to the judgment does not lie in such case.  (p. 186).

Error to Circuit Court, Mingo County.

Petition by Ward & Blankenship against William Evans and others for a writ of prohibition. Petition dismissed on demurrer, and petitioners bring error.

*Affirmed.*

R. H. HOYLE and SAMPSELLE & LEFTWICH, for plaintiffs in error.

STAFFORD & BLAKE, for defendants in error.

BRANNON, PRESIDENT:

Ward & Blankenship filed in the circuit court of Mingo County a petition against Ira Evans and others asking a writ of prohibition to prohibit the enforcement of a judgment against Ward & Blankenship rendered by Ira Evans, justice, in favor of William Evans, and the circuit court having dismissed the petition on demurrer, Ward & Blankenship brought the case to this Court by writ of error.

The petition states that Ward & Blankenship employed one Harris to furnish them logs, and that Harris employed William Evans to do certain work for him, and made debts with Evans, the work and debts being unknown to the petitioners; that Harris left the State and Evans sued Harris for a debt of forty dollars, and garnisheed Ward & Blankenship as debtors of Harris; that on the return day of the attachment Evans dismissed it, and at once brought three separate suits against Ward & Blankenship for an amount less than the appellate jurisdiction of the circuit court, in which judgments were rendered for Evans, but which were prohibited from enforcement by a writ of prohibition in the circuit court, without prejudice to Evans to bring another suit; that immediately Evans brought a suit before a justice against Ward & Blankenship and recovered a judgment for fourteen dollars and forty cents, with interest and costs. This is the judgment sought to be prohibited. The petition states that Evans introduced no evidence to show any liability or even tend-

ing to show any liability upon petitioners, and that Evans admitted as a witness that he had no contract with petitioners, and that he never did any work for them, and that they never had in any manner assumed to pay the debt of Harris, and also admitted that after the dismissal of the attachment he assigned a part of his claim to his infant brother, and being asked if he did not do so to prevent petitioners from taking an appeal to the circuit court, he refused to answer the question.

One theory of the petitioners is that there was no cause of action against them, because if there was any liability to pay the debt of Harris, it was not evidenced by writing, and therefore there could be no judgment against Ward & Blankenship. As a justice has jurisdiction of actions for the recovery of money, any error such as that attributed would be error of judgment. A writ of prohibition does not lie to correct mere error. Is every error of a justice to call for prohibition? The case of *Norfolk and Western Railroad Co.* v. *Pinnacle Coal Co.,* 44 W. Va. 574, cannot aid the case, because the justice there gave judgment under a repealed statute, and the court held that the repeal took away his jurisdiction. That case depends upon its peculiar facts. So does *Yates* v. *County Court,* 35 S. E. 24, where a justice gave judgment against a county for attorney's fees in defending criminals, when there was no law for it, and besides, the claim had never been presented to the county court, a precedent condition to an action, without which no action could be maintained.

Another theory to support the prohibition is that the creditor assigned part of his demand, retaining only part, and did so to prevent an appeal from the justice. It is very well settled that one may waive a portion of the amount in controversy where it is greater than the court's jurisdiction, in order to confer jurisdiction, if it is done without fraudulent intent. 1 Ency. Pl. & Prac. 707. That is a release of the balance of the debt. As the whole debt was within the jurisdiction of a justice, he could remit a part, though the balance would not warrant an appeal. He could not divide his demand and bring several suits for it. *Hale* v. *Weston,* 40 W. Va. 313. But could he not waive a part of it? He could not divide one demand and assign it to several parties just to get it small enough to bring a suit in a court of smaller jurisdiction. *Archibold* v. *Bodley,* 33 W. Va. 239. A *remittitur* is often permitted where its

effect will be to cut off the right to an appeal or writ of error. 18 Ency. Pl. & Prac. 129. This is supported by several decisions of the Supreme Court of the United States. *Thompson* v. *Butler,* 95 U. S. 694, where the court said that if the object of remitting a part of a judgment was to cut off an appeal in a meritorious case, it would be presumed that the lower court would not enter it, but if it did it would not affect the case to warrant an appeal, and that an appeal could not be taken in such a case. The cases cited in the Encyclopæadia, among them *Texas, etc. R. Co. v.Saunders,* 151 U. S. 105, 110, will sustain this view. The case of *Hansbrough* v. *Stinnett,* 22 Grat. 593, does hold that where there was a verdict for five hundred dollars in a slander suit, and the plaintiff remitted five dollars in the court below to prevent an appeal, that it was a fraudulent act to defeat an appeal, and would not avail to do so. But that was after verdict. And moreover, it is against the decisions of the United States Supreme Court and many other cases. If the law gives an appeal only for injury by an erroneous judgment for a certain amount, why if the judgment is reduced by release of part below that amount, does it give any better right to appeal than if the party had recovered an amount below the appeal. He is injured no more in the one case than in the other. These cases allow a release after verdict; but in this case the party chose not to sue for any more than his recovery. I cannot see why even if his purpose was to defeat an appeal, he could not do so. But that purpose is not fully established in this case. It is a mere inference. The law has chosen not to give an appeal for less than fifteen dollars. The parties in this case are not injured to that amount, and it is no matter how that result came about so that the parties are not injured up to the amount for which the legislature saw fit to give an appeal. The fact is this is only a case to reverse a judgment for mere error of law committed by the justice in a case wherein the law has refused an appeal. It may be that the justice erred; but we cannot in such case remedy it by prohibition. A party may sue for less than he claims, and even after he has sued for the full amount, he can remit a part to prevent a new trial as held in *Ohio River R. Co.* v. *Blake,* 38 W. Va. 718, and why can he not do so to avoid an appeal, as he does not injure the other party by an amount large enough to justify an appeal. We therefore affirm the judgment.

*Affirmed.*