## CHARLESTON.

THOMAS EARY, *Petitioner, v.* TIP COMER, JUSTICE, *etc., et als., Respondents.*

(No. 6555)

Submitted September 4, 1929. Decided September 10, 1929. Original jurisdiction.

*Sherman H. Eary,* for petitioner.
*Brown, Jackson & Knight,* for respondents.

LIVELY, JUDGE:

By this rule in prohibition, Thomas Eary seeks to prevent

Tip Comer, a justice of the peace, and Stewart Harrah, constable, both of Mountain Cove District, Fayette County, West Virginia, and Signal Knob Coal Company from further proceeding to collect a judgment for $7.85 and costs rendered against him by said justice in favor of said Coal Company on January 19, 1929, on which execution was later issued to said constable, and levied by him.

Petitioner Eary, while admitting that the justice had jurisdiction of the subject matter of the suit (action for price of goods sold and delivered) and the parties, avers that the justice exceeded his legitimate powers in the conduct of the trial, and rendered the judgment without evidence; and otherwise acted illegally, arbitrarily and fraudulently.

The specific acts committed by the justice which are claimed to be in excess of his jurisdiction, are that the judgment was rendered without any evidence to support the plaintiff's claim; that no witnesses were sworn; that the justice was a collector for and agent of the plaintiff; and that within fourteen days after the judgment, petitioner gave notice of and attempted to make a motion for a new trial, but the justice refused to hear, docket or consider the motion; and that therefore the justice acted arbitrarily, falsely and fraudulently in rendering the judgment on which he has since issued execution, and which execution has been levied by Constable Harrah upon his personal property. These acts charged in the petition are specifically and categorically denied by the justice. He says in his return that the suit of the Coal Company against Eary was regularly begun, the defendant served with the summons, and on the day set for trial the case was called for trial and both parties announced themselves ready; that the witnesses were sworn and testimony introduced by plaintiff; that plaintiff's witness Croft, the store manager for plaintiff, gave his testimony and was cross-examined by defendant; that the original books of account showing the items sued on were introduced; that defendant testified and introduced memorandum in writing which was considered; that plaintiff cross-examined the defendant; and that after argument, he found on the evidence for the plaintiff and en-

tered the judgment. He denies in his return, under oath, that he had any interest whatever in the case, or that he acted as agent or collector for plaintiff. It may be here observed that this allegation that the justice acted as agent or collector for the plaintiff was not sustained by the proof taken, and the question as to whether the judgment is void or voidable for that reason is moot.

Croft, in his deposition given, says that he was sworn and testified as to the correctness and justness of the account sued on, and that plaintiff, the petitioner here, cross-examined him and required him to produce the books of original entry, which books were produced and examined by the justice. Other witnesses affirm the statement of the justice and Croft as to what took place in the conduct of the trial; while witnesses for plaintiff, including plaintiff, says that the witnesses were not sworn and no evidence was introduced and that the alleged trial was a farce, and more like a quarreling match.

The presumption is always in favor of the regularity and validity of a judgment when rendered by a court of competent jurisdiction, and the burden is on the person attacking that judgment to successfully rebut that presumption. We do not think that petitioner has successfully done so; at least, it is not *clearly* shown that the justice has exceeded his legitimate powers in the trial of the case. Where a court has jurisdiction of the case and the parties, the writ of prohibition will lie only where, during the proceeding or trial, the court *clearly* exceeds its powers in some collateral matter connected therewith over which it has no jurisdiction. *McConiha* v. *Guthrie, Judge,* 21 W. Va. 134.

To the allegation that the justice refused to docket or hear the motion for a new trial (not material here for he had jurisdiction to grant or refuse) the justice says the "good cause" stated for new trial was the dishonesty of the justice in the conduct of his office, and the failure of the trial to meet the requirements of a legal proceeding; and that he considered these reasons as specious but unfounded, and therefore he refused to consider further such motion.

It may not be surplusage to add that where a trial court

has jurisdiction of the subject matter and parties, but exceeds its powers in some matter pertaining to the cause for which there is no adequate remedy, prohibition will lie to prevent that excess of power under the statute, Chapter 110, section 1, Code, as well as under general principles of law. *State* v. *Daily,* 72 W. Va. 520. But it is well settled that errors, irregularities or mistakes committed by the inferior court will not justify the writ. 22 R. C. L., p. 23, par. 22. Prohibition is an extraordinary remedy and is issued only in cases of extreme necessity where the aggrieved party has no adequate remedy. *McConiha* v. *Guthrie, Judge,* 21 W. Va. 134. It is quite evident that the alleged irregularities and arbitrary actions of the justice could have been corrected on appeal if the amount in controversy had been sufficient for an appeal. But because the amount of the claim is not large enough for an appeal, that fact does not change the rule governing the issuance of prohibition. The Legislature has seen fit to give no appeal to a judgment of less than fifteen dollars by a justice. In its wisdom it has given a justice final jurisdiction in trials over controversies involving less than that amount. Litigation over such petty sums was designed to end in a justice's court. A justice of the peace may commit all kinds of errors and mistakes in the procedure, trial, and judgment in a case falling within his jurisdiction where the amount in controversy is less than fifteen dollars, and the injured party is without remedy. "A writ of prohibition does not lie for mere error of judgment by a justice in deciding upon the law and facts in a case in which he has jurisdiction, though the amount be too small for an appeal." *Ward* v. *Evans,* 49 W. Va. 184.

The rule in prohibition is discharged.

*Writ denied.*