317 S.E.2d 169

**In the Matter of Magistrate Glen GREENE.**

No. 45–82.

Supreme Court of Appeals of West Virginia.

June 13, 1984.

Charles R. Garten, Charleston, for appellant West Virginia Judicial Investigation Commission.

Harry M. Hatfield, Madison, for appellee Magistrate Glen Greene.

PER CURIAM:

In this judicial disciplinary proceeding, Glen Greene, Chief Magistrate of Boone County, is charged with violating Canon 3 A(1) of the Judicial Code of Ethics and *W.Va.Code*, 62–1–1 [1965] by failing to provide two individuals with complaint forms for criminal warrants. A hearing on this matter was held before the Judicial Hearing Board on October 11, 1983, following which the Board unanimously recommended dismissal of the complaint against Magistrate Greene. For the reasons set forth below, we concur in the Board's decision.

This controversy began with an altercation between Douglas and Harlan Dotson and Raymond and Linda Thomas on December 15, 1982. The fight was investigated by Boone County Sheriff Vernon F. Harless and Deputy Mark Parsons. Following the investigation, Deputy Parsons telephoned Magistrate Greene at home and informed him that the Dotson brothers were at fault and that he was sending Raymond and Linda Thomas to the magis-

trate's office to file complaints against the Dotsons.

After this phone call, Magistrate Greene received a call from Douglas Dotson, who sought to secure a warrant against the Thomases. Magistrate Greene told Dotson that he had an appointment with the Thomases, and until he was able to review their anticipated complaints he would take no further action. Subsequently, Raymond and Linda Thomas appeared before Magistrate Greene and filled out the appropriate complaints. Based upon these complaints, Magistrate Greene issued warrants for the arrest of both Douglas and Harlan Dotson on the charge of battery.

The Dotsons were arraigned the next day, and released on their own recognizance. At that time, Douglas Dotson again requested permission to secure warrants against the Thomases. Magistrate Greene's clerk advised him that no warrant would be issued due to standing policy in Boone County against the granting of "backfire" or cross-warrants. Neither of the Dotsons specifically asked to fill out a complaint for a warrant, and neither Magistrate Greene nor the clerk offered either of them a complaint form.

The Dotsons then sought warrants against Raymond and Linda Thomas from Magistrate Robert Isner, who also refused to take a complaint or issue a warrant because of the policy prohibiting cross-warrants. The Dotsons also met with the prosecuting attorney's investigator regarding presentment of their claim to the grand jury. However, their case was not presented to the grand jury. Douglas Dotson then filed a complaint with the Judicial Investigation Commission, which found probable cause to charge Magistrate Greene with violating Canon 3 A(1) of the Judicial Code of Ethics.

During the hearing before the Judicial Hearing Board, Judge Jerry W. Cook, Chief Judge of the Twenty-fifth Judicial Circuit, testified that he had verbally instructed both Boone County magistrates to refrain from issuing "backfire" or cross-warrants in criminal cases. He described these as warrants issued as a matter of revenge or spite in order to compel the other party to perhaps dismiss a warrant that might otherwise have merit. Judge Cook instructed the magistrates to refer those seeking cross-warrants to the prosecuting attorney to seek presentment to the grand jury. He said the policy was in effect for several years prior to his election in November, 1976.

The Judicial Hearing Board found that although Magistrate Greene made a legal error and violated *W.Va.Code*, 62-1-1 [1965] by failing to provide the Dotsons with complaint forms, his actions did not constitute a violation of Canon 2 A or Canon 3 of the Judicial Code of Ethics. The Board found that Magistrate Greene had no intent to prejudice the rights of the Dotsons, but had tried to comply with the instructions given him by Judge Cook. The Board concluded that Magistrate Greene was therefore not guilty of any intentional misconduct or disrespect for the law, and unanimously recommended dismissal of the complaint against him.

In *West Virginia Judicial Inquiry Commission v. Casto*, 163 W.Va. 661, 263 S.E.2d 79 (1979), we held that charges relating to a judge's performance of his official duties should be brought under Canon 3 of the Judicial Code of Ethics, which requires that a judge perform the duties of his office impartially and diligently. The Judicial Inquiry Commission alleged that Magistrate Greene violated this Canon and *W.Va.Code*, 62-1-1 [1965] by failing to provide the Dotsons with complaint forms. The statute reads:

> "The complaint is a written statement of the essential facts constituting the offense charged. It shall be made upon oath before a justice of the peace."

■ However, *West Virginia Constitution*, Article 8, Section 6 and *W.Va.Code*, 50-1-16 [1982] give the chief judge of a judicial circuit administrative control over all magistrate courts in the circuit. Judge Cook's previous instruction to Magistrate Greene to refrain from the issuance of "backfire" warrants was made in his capacity as administrative head of the Boone County Circuit Court. Judge Cook had no

**408**

lawful authority to issue such a rule which invaded Magistrate Greene's judicial functions.

In syllabus point 1 of *West Virginia Judicial Inquiry Commission v. Casto, supra,* we held:

"When a judge, with no intent to prejudice the rights of a party, makes a legal error, his act does not constitute a violation of Canon 2A or Canon 3 of the Judicial Code of Ethics."

The record contains no evidence that Magistrate Greene intended to prejudice the rights of the Dotsons. On the contrary, it shows that in refusing to even discuss the matter with them, he believed he was protecting their privilege against self-incrimination as criminal defendants. Although Magistrate Greene erred by failing to supply the Dotsons with complaint forms, he was acting in good-faith reliance upon instructions from the chief judge of his circuit. There is nothing in his conduct which would constitute a violation of Canon 3. Accordingly, we will follow the recommendation of the Judicial Hearing Board that the complaint against him be dismissed.

Complaint dismissed.