378 S.E.2d 662

**In the Matter of Charles L. FERRELL.**

**No. 18740.**

Supreme Court of Appeals of West Virginia.

March 13, 1989.

Charles R. Garten, Charleston, for Judicial Hearing Board.

John R. Mitchell, Jr., Charleston, for Magistrate Charles L. Ferrell.

PER CURIAM:

■ This is a judicial disciplinary proceeding initiated by the Judicial Investigation Commission against Charles L. Ferrell, a former magistrate for Kanawha County.[1] The Commission charged Ferrell with violating Canons 3 A(1) and 3 A(4) of the Judicial Code of Ethics.[2] Following a hear-

ing, the Judicial Hearing Board (Board) recommended that the complaint be dismissed.

On April 8, 1986, a Charleston business, Flowers by Michael, filed a civil action against A.M.J., Inc. and Jim McCormick, an employee of A.M.J., Inc., alleging that the defendants had failed to pay for flowers that they had ordered from the plaintiff. The suit sought a judgment for the cost of the flowers.

On May 25, 1986, a default judgment was entered by Magistrate Ferrell against the defendants for $775.24, plus $30.00 court costs. When the defendants failed to satisfy the judgment, a writ of execution was issued. Mr. McCormick's personal car was seized by the Kanawha County Sheriff's Department and taken to Copley's Garage in Charleston, West Virginia.

After the vehicle was seized, McCormick's attorney, Ms. Mary Pickins, appeared at the Kanawha County Magistrate Court and spoke with Magistrate William Witherell.[3] Ms. Pickins explained that the seizure of her client's vehicle was causing him an extreme hardship; thus, she requested that an order be issued setting aside the judgment.

Because Magistrate Witherell had not presided over the original proceedings, he contacted Magistrate Ferrell at his home and explained Ms. Pickins' request to him. The two magistrates decided to stay the judgment pending a hearing to determine if

1. Subsequent to the initiation of the proceedings of the Judicial Investigation Commission, Charles L. Ferrell lost his bid for reelection as magistrate of Kanawha County. As we held in the sole syllabus point of *West Virginia Judicial Hearing Board v. Romanello,* 175 W.Va. 577, 336 S.E.2d 540 (1985): "The fact that a judicial officer is no longer in office is not in itself a sufficient reason to dismiss a complaint filed with the Judicial Hearing Board."

2. Canon 3 A of the Judicial Code of Ethics provides:

The judicial duties of a judge take precedence over all his other activities. His judicial duties include all the duties of his office prescribed by law. In the performance of these duties, the following standards apply:
A. Adjudicative Responsibilities
(1) A judge should be faithful to law and maintain professional competence in it. He

sould [sic] be unswayed by partisan interests, public clamor, or fear of criticism.

\* \* \* \* \* \*

(4) A judge should accord to every person who is legally interested in a proceeding, or his lawyer, full right to be heard according to the law, and, except as authorized by law, neither initiate nor consider *ex parte* or other communications concerning a pending or impending proceeding. A judge, however, may obtain the advice of a disinterested expert on the law applicable to a proceeding before him if he gives notice to the parties of the person consulted and the substance of his advice, and affords the parties reasonable opportunity to respond.

3. Magistrate Ferrell was off duty when Ms. Pickins came to the Kanawha County Magistrate Court.

Mr. McCormick was liable for the corporation's debt. Consequently, Magistrate Witherell issued an order stating: "You are hereby ordered to set aside the judgment in the above styled case pending a hearing.... Per Charles L. Ferrell, Kanawha County Magistrate, by phone."[4] According to Mr. McCormick, he took the order over to Copley's Garage and obtained the release of his car.[5]

Shortly thereafter, Magistrate Witherell learned that McCormick had picked up his vehicle. He telephoned Ms. Pickins and explained to her that Mr. McCormick was not authorized to obtain the release of his vehicle without a final order authorizing this release. Ms. Pickins agreed to return the security and appear at another hearing, where liability of the two defendants would be determined.

On November 3, 1986, a second hearing was held before Magistrate Witherell.[6] Magistrate Witherell determined that the debt was a debt of A.M.J., Inc. and defendant McCormick should not be held personally responsible for it. Consequently, Mr. McCormick obtained the release of his car.

Subsequently, the Judicial Investigation Commission filed a complaint against Magistrate Ferrell for violating Canons 3 A(1) and 3 A(4). A hearing was held before the Board, and it found that the complainant had failed to prove by clear and convincing evidence that Magistrate Ferrell violated Canon 3 A(1) and 3 A(4) of the Judicial Code of Ethics.

■ As we noted in syllabus point 1 of *West Virginia Judicial Inquiry Commission v. Dostert*, 165 W.Va. 233, 271 S.E.2d 427 (1980): "The Supreme Court of Appeals will make an independent evaluation of the record and recommendation of the Judicial [Hearing] Board in disciplinary proceedings." Moreover, "under Rule III(C)(2) (1983 Supp.) of the West Virginia Rules of Procedure for the Handling of Complaints Against Justices, Judges and Magistrates, the allegations of a complaint in a judicial disciplinary proceeding 'must be proved by clear and convincing evidence.'" Syllabus point 4, *In re Pauley*, 173 W.Va. 228, 314 S.E.2d 391 (1983).

■ In essence, the complaint against Magistrate Ferrell contends that he had *ex parte* communications with the defendant, Jim McCormick. There is no question that Canon 3 A(4) of the Judicial Code of Ethics provides that, except as authorized by law, a judge must neither initiate nor consider *ex parte* or other communications concerning a pending or impending proceeding. "Any *ex parte* communications by a judge excites sensitivity to this provision, and the presence of clear and convincing proof of unauthorized communications would be highly offensive." *In the Matter of McGraw*, 178 W.Va. 415 at 419, 359 S.E.2d 853 at 857 (1987). In this case, Magistrate Ferrell did not have *ex parte* communications with Defendant McCormick or his attorney; rather he communicated solely with another judicial officer, Magistrate Witherell. As noted in the Commentary following Canon 3 A(4), "this proscription, ... does not preclude a judge from consulting with other judges, or with court personnel whose function is to aid the judge in carrying out his adjudicated responsibilities."

The Board was apparently not convinced that Magistrate Ferrell engaged in *ex parte* communications, and neither are we.[7] Thus, this Court will follow the Board's recommendation that the magistrate's conduct did not constitute a violation of Canon

---

4. Both magistrates testified that their intentions were to stay the judgment and not set aside the judgment.

5. James Edward Flinner, Jr., an employee at Copley's Garage, testified that he was never shown an order releasing the automobile. He released the vehicle based on Mr. McCormick's oral representations.

6. Defendant A.M.J., Inc. had specifically asked that Magistrate Ferrell not handle the case.

7. The Board did find that the writ of execution should never have been issued against James McCormick. As we noted in syllabus point 1 of *West Virginia Judicial Inquiry Commission v. Casto*, 163 W.Va. 661, 263 S.E.2d 79 (1979): "When a judge, with no intent to prejudice the rights of a party, makes a legal error, his act does not constitute a violation of Canon 2A or Canon 3 of the Judicial Code of Ethics."

3 A(1) and 3 A(4) of the Judicial Code of Ethics.

Complaint dismissed.