398 S.E.2d 162

**In the Matter of Eugene C. SUDER, Magistrate.**

**No. 19121.**

Supreme Court of Appeals of West Virginia.

Oct. 18, 1990.

---

Charles R. Garten, Charleston, for Judicial Investigation Com'n of West Virginia.

Terry D. Reed, Hymes and Coonts, Buckhannon, for Eugene C. Suder.

PER CURIAM:

This is a judicial disciplinary proceeding instituted by the Judicial Investigation Commission of West Virginia against Eugene C. Suder, a magistrate in Upshur County. The complaint alleges that Magistrate Suder accepted campaign funds and failed to establish a committee to secure and manage his campaign funds. The complaint alleges that this failure violated Canon 7 B of the *Judicial Code of Ethics* [1989].[1] Based on this Court's independent review of the record, we conclude that clear and convincing evidence of improper judicial conduct has been presented and conclude that under the circumstances, an admonishment is the appropriate discipline.

During the hearing in this case, it was shown that Magistrate Suder was first elected magistrate for Upshur County in 1980 and was re-elected in 1984 and 1988. Magistrate Suder did not form a committee to receive or solicit campaign funds in any of his elections. In March 1988, Magistrate Suder attempted to file a financial disclosure statement with the Clerk of the County Commission of Upshur County.[2] However, the county clerk advised Magistrate Suder that the financial statement must be signed by his campaign treasurer. Magistrate Suder then submitted a financial statement, signed by his wife as treasurer.

Before the May 1988 financial statement, Magistrate Suder received two unsolicited contributions totalling $300. These first contributions ever received by Magistrate Suder were reported on the May 1988 financial statement that was signed by Mrs. Suder as treasurer.

Shortly before March 1988, the Judicial Investigation Commission advised all candidates for Judicial office that Canon 7 B required a candidate to form a campaign committee to solicit and/or accept campaign funds. Magistrate Suder acknowledges that he received the information but said he did not carefully read the informa-

---

1. Canon 7 B(2) of the *Judicial Code of Ethics* [1989] states in pertinent part:

    A candidate, including an incumbent judge, for a judicial office that is to be filled by public election between competing candidates should not himself solicit or accept campaign funds, or solicit publicly stated support, but he may establish committees of responsible persons to secure and manage the expenditures of funds for his campaign and to obtain public statements of support for his candidacy.

2. *W.Va.Code*, 3–8–5 [1985], requires the filing of verified financial statements at various times during and after a political campaign.

tion. Magistrate Suder had no intention of committing a violation of Canon 7. Magistrate Suder timely and accurately reported his contributions and when advised that a treasurer needed to sign the financial statements, Magistrate Suder attempted to comply.

The complaint was filed by the Judicial Investigation Commission. Following a full hearing on the matter, the Judicial Hearing Board found that contributions were reported to the Clerk of the County Commission and "there was no deceit or hiding of contributions or the gaining of unfair advantage by [Magistrate Suder]." The Board concluded that Magistrate Suder's failure to form a campaign committee to receive contributions was a technical violation of Canon 7 B. The Board recommended that Magistrate Suder be admonished for committing a violation of Canon 7 B(2).

In Syllabus Point 4, *In re Pauley*, 173 W.Va. 228, 314 S.E.2d 391 (1983), this Court specifically recognized that:

Under Rule III(C)(2) (1983 Supp.) of the West Virginia Rules of Procedure for the Handling of Complaints Against Justices, Judges and Magistrates, the allegations of a complaint in a judicial disciplinary proceeding "must be proved by clear and convincing evidence."

*See In the Matter of Crislip*, 182 W.Va. 637, 391 S.E.2d 84 (1990); *In the Matter of Karr*, 182 W.Va. 221, 387 S.E.2d 126 (1989); *In the Matter of McGraw*, 178 W.Va. 415, 359 S.E.2d 853 (1987); *In the Matter of Mendez*, 176 W.Va. 401, 344 S.E.2d 396 (1985).

■ Our independent review of the record shows that Magistrate Suder violated Canon 7 B of the *Judicial Code of Ethics* [1989] when, without a committee of responsible persons to secure and manage the expenditures of funds for his campaign, he received campaign contributions. The record also indicates that Magistrate Suder attempted to comply with the advice given by the county clerk and appointed a treasurer who signed the financial statements. The record also indicates that the Magistrature Suder received information advising

him that Canon 7 B requires the formation of a campaign committee.

■ In Syllabus Point 1, *In the Matter of Karr*, 182 W.Va. 221, 387 S.E.2d 126 (1989), we held:

When the language of a canon under the *Judicial Code of Ethics* is clear and unambiguous, the plain meaning of the canon is to be accepted and followed without resorting to interpretation or construction.

*See In the Matter of Vandelinde*, 179 W.Va. 183, 366 S.E.2d 631 (1988); *Committee on Legal Ethics v. Coleman*, 180 W.Va. 493, 377 S.E.2d 485, 490 (1988); Syllabus Point 2, *State v. Elder*, 152 W.Va. 571, 165 S.E.2d 108 (1968). We note that although the county clerk did not fully advise Magistrate Suder of the campaign committee requirement, Canon 7 B is clear and unambiguous and Magistrate Suder was given accurate advice on the campaign committee requirement.

In Syllabus Point 2, *In the Matter of Karr*, 182 W.Va. 221, 387 S.E.2d 126 (1989), we held:

When a candidate, including an incumbent judge, for a judicial office that is to be filled by public election between competing candidates personally solicits or personally accepts campaign funds, such action is in violation of Canon 7B(2) of the *Judicial Code of Ethics*. A committee established by a judicial candidate, including an incumbent judge, may solicit or accept funds for such candidate's campaign.

In *Karr*, we noted the public policy of Canon 7 B was to "discourage contributions to campaign for judicial offices which may be extracted through coercion." *Id.* 182 W.Va. at 224, 387 S.E.2d at 129. Although Magistrate Suder attempted to comply with some of the advice he was given, we conclude that his failure to form a committee was a technical violation of Canon 7 B of the *Judicial Code of Ethics* [1989].

■ Accordingly, the Court concludes that the recommendations of the Judicial Hearing Board should be adopted and that under the circumstances, an admonishment

is the appropriate discipline. It is, therefore, Ordered that Magistrate Suder be admonished.

Admonishment.