434 S.E.2d 34

**STATE of West Virginia ex rel. Donna Ann HENDRICKS, Relator,**

v.

**Honorable John S. HRKO, Judge of the Circuit Court of Wyoming County, and James L. Hendricks, Jr., Respondents.**

No. 21567.

Supreme Court of Appeals of West Virginia.

Submitted March 2, 1993.

Decided July 21, 1993.

Norman Googel, Appalachian Research & Defense Fund, Inc., Welch, for relator.

Joseph A. Colosi, Welch, for respondent James L. Hendricks, Jr.

MILLER, Justice:

We issued a rule to show cause in this original proceeding for a writ of prohibition to determine the proper procedure to be followed when a party to a divorce proceeding pending before a family law master seeks to disqualify the family law master.

In September of 1991, the McDowell County family law master presided over a divorce proceeding between the relator, Donna A. Hendricks, and the respondent, James L. Hendricks, Jr. At one point therein, the eleven-year-old child of the parties was called to testify. As the child entered the courtroom, he pointed at the relator and stated, "Bad luck, Mom," and pointed at the respondent and stated, "Good luck, Dad."

The family law master immediately ceased the proceedings and admonished both parties and their counsel. She ruled, *sua sponte,* that neither the eleven-year-old nor his eight-year-old brother would be permitted to testify because she believed that the respondent was trying to influence the children.[1] She further stated that the remarks of the eleven-year-old were disrespectful and, had the child been older, she would have held him in contempt. She stated that she held both the respondent and respondent's counsel responsible for the child's behavior.

Based upon the family law master's refusal to allow the two children to testify, and her remarks relevant thereto, the respondent, Mr. Hendricks, moved for her disqualification. The family law master, apparently on the advice of the Assistant Director of Family Law Masters, decided to hear the disqualification motion and determined that she was not disqualified. This decision resulted in Mr. Hendricks filing a petition for a writ of prohibition in the Circuit Court of Wyoming County.

After hearing from the attorneys representing the parties, the circuit court decided that the family law master should be disqualified. The circuit judge observed that there were no detailed procedures covering the disqualification of a family law master and that the two relevant statutory provisions, W.Va.Code, 48A–4–1(i) (1992),[2] and W.Va.Code, 48A–4–2(b) (1990),[3] provided little guidance on this issue.

---

1. Both children were living with the respondent at that time.

2. W.Va.Code, 48A–4–1(i), states, in pertinent part:

"A circuit court or the chief judge thereof shall refer to the master the following matters for hearing to be conducted pursuant to section two [§ 48A–4–2] of this article: Provided, That on its own motion or upon motion of a party, the circuit judge may revoke the referral of a particular matter to a master if the master is recused, if the matter is uncontested, or for other good cause, or if the matter will be more expeditiously and inexpensively heard by the circuit judge without substantial-

ly affecting the rights of parties in actions which must be heard by the circuit court[.]" This part of W.Va.Code, 48A–4–1(i) (1992), is now embodied in W.Va.Code, 48A–4–6 (effective July 9, 1993).

3. W.Va.Code, 48A–4–2(b), states:

"A master appointed under the provisions of section one of this article shall preside at the taking of evidence. The functions of the master shall be conducted in an impartial manner. A master may at any time disqualify himself or herself. Upon such disqualification, or upon the filing in good faith of a timely and sufficient affidavit of personal bias or other disqualification of a master, the cir-

The judge, without a formal evidentiary hearing on the writ of prohibition, did listen to the arguments of counsel. Subsequently, an order was entered on July 13, 1992, finding that the family law master had not exhibited bias toward Mr. Hendricks. However, the order did disqualify the master to preserve a fair and impartial hearing. This order is challenged by Mrs. Hendricks in an original prohibition in this Court on the basis that the circuit court exceeded its legitimate powers.

## I.

■ At the outset, we note that W.Va. Code, 48A–4–1(i), does not cover the procedure to be followed when a party seeks to disqualify a family law master. The section merely outlines the various types of cases that shall be referred to a family law master. It does contain a proviso that authorizes the circuit court or its chief judge to revoke a particular referral in certain instances. One instance where the referral may be revoked occurs "if the master is recused[.]" At best, however, this provision empowers the circuit judge to remove the referral from that family law master. It does not allow the circuit judge to deter-

mine when the family law master should be recused. We do not agree with Mr. Hendricks' claim that further language in the proviso allowing the judge to revoke the referral "for other good cause" suggests recusal or disqualification grounds.

On the other hand, we find that W.Va. Code, 48A–4–2(b), contains the statutory language that relates to the disqualification of a family law master. In relevant part, W.Va.Code, 48A–4–2(b), states: "[U]pon the filing in good faith of a timely and sufficient affidavit of personal bias or other disqualification of a master, the circuit court or the chief judge thereof may appoint a temporary master or the circuit court may receive the evidence and determine the matter." [4]

■ The procedure outlined in W.Va. Code, 48A–4–2(b), is relatively clear. The party seeking to disqualify a family law master must file a "timely and sufficient affidavit of personal bias or other disqualification." [5] Moreover, such filing must be made in "good faith." This means that the affidavit must contain sufficient facts to support a claim of personal bias or other

cuit court or the chief judge thereof may appoint a temporary master or the circuit court may receive the evidence and determine the matter."
The provisions of W.Va.Code, 48A–4–2(b) (1990), were not included in the 1993 incarnation of the statute dealing with family law master hearing procedures (W.Va.Code, 48A–4–9 (1993))—although the first sentence of W.Va. Code, 48A–4–2(b) (1990), is included in W.Va. Code, 48A–4–9(b) (1993).

4. For the full text of W.Va.Code, 48A–4–2(b), see note 3, *supra.*

5. Canon 3(E)(1)(a) of the Judicial Code of Ethics gives guidance as to when a judge must disqualify himself or herself. Canon 6(A), entitled "Application of the Code of Judicial Conduct," makes clear the application of the Code to, *inter alia,* family law masters. Canon 6(A) states:
"A. Anyone, whether or not a lawyer, who is an officer of a judicial system and who performs judicial functions, including but not limited to Justices of the Supreme Court of Appeals, Circuit Judges, Family Law Masters, Magistrates, Mental Hygiene Commissioners, Juvenile Referees, Special Commissioners and

Special Masters, is a judge within the meaning of the Code."
Although family law masters are made exempt from certain provisions of the Code by virtue of Canon 6, Canon 3(E)(1)(a), is not among the provisions from which they are exempt. Canon 3(E)(1)(a) states:
"E. Disqualification.
"(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:
"(a) the judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]"
We note that in regard to the foregoing, we have ruled that a judge is not obligated to disqualify himself or herself merely because he or she has made a legal error. An *intent to prejudice* a party must be shown, as stated in Syllabus Point 1, in part, of *West Virginia Judicial Inquiry Commission v. Casto,* 163 W.Va. 661, 263 S.E.2d 79 (1979): "Where a judge, with no intent to prejudice the rights of a party, makes a legal error, his act does not constitute a violation of ... Canon 3 of the Judicial Code of Ethics." *See also In re McGraw,* 178 W.Va. 415, 359 S.E.2d 853 (1987); *In re Monroe,* 174 W.Va.

disqualifying ground and it must show that it is timely filed. If the grounds asserted have been known for some time, the affidavit would not meet the timeliness requirement. The affidavit must also assert the good-faith reason for the filing.

■ Once a proper affidavit has been filed, the circuit judge is empowered to decide the disqualification motion based on the sufficiency of the affidavit alone. Alternatively, the circuit judge may hold a hearing on the matter. If a hearing is to be held, the court should then notify the interested parties and allow them to participate in the hearing.

■ In considering a disqualification motion, it must be remembered that the family law master is not authorized to make the final decision on the underlying matters. The statute authorizes the family law master to make a recommended order to the circuit court. W.Va.Code, 48A–4–4 (1990). The circuit court then reviews the recommended order, including procedural matters under W.Va.Code, 48A–4–6 (1990),[6] and based upon a petition for review, as outlined in W.Va.Code, 48A–4–7 and –8 (1990),[7] makes the final decision. Thus, it is the circuit court's order, and not the recommended decision of the family law master, that constitutes the actual final decision in regard to the underlying proceedings. *See* W.Va.Code, 48A–4–10 (1990).[8] In view of the role played by the family law master and the extensive review of the family law master's recommended decision by the circuit court, the grounds for disqualification of a family law master should be rather limited.

## II.

We find that the requirements of W.Va. Code, 48A–4–2(b), are embodied in the Rules of Practice and Procedure for Family Law that have recently been adopted by this Court.[9] Rules 40 and 41 outline the procedure to be followed when a party to a family law dispute seeks the disqualification of the family law master hearing the case:

"40. **Form of Motion.** Any party to any proceeding governed by these rules may file a written motion for disqualification of a family law master. The motion shall be verified, shall state facts and reasons supporting the disqualification, and shall be accompanied by a certificate, signed by the attorney of record or a party who appears pro se, stating that it is made in good faith and that there is evidence to support disqualification. The motion shall be filed no later than twenty-one (21) days in advance of any scheduled hearing, except for good cause shown.

"41. **Duties in Response to Disqualification Motion.** Upon the filing of a disqualification motion, the family law

401, 327 S.E.2d 163 (1985); *In re Greene,* 173 W.Va. 406, 317 S.E.2d 169 (1984).

6. W.Va.Code, 48A–4–6, states:

"A person who alleges that he or she will be adversely affected or aggrieved by a recommended order of a master is entitled to review of the proceedings. The recommended order of the master is the subject of review by the circuit court, and a procedural action or ruling not otherwise directly reviewable is subject to review only upon the review of the recommended order by the circuit court."
W.Va.Code, 48A–4–6 (1990), is now embodied in W.Va.Code, 48A–4–16(a) (1993).

7. W.Va.Code, 48A–4–7 and –8 (1990), are now embodied in W.Va.Code, 48A–4–17 and –18 (1993).

8. W.Va.Code, 48A–4–10 (1990), is now embodied in W.Va.Code, 48A–4–20 (1993).

9. These rules were adopted by this Court on July 21, 1993, to be effective on October 1, 1993. Our authority to adopt procedural rules for family law masters is contained in W.Va.Code, 48A–4–11 (1986), which, in relevant part, states:

"Further, the Legislature anticipates that the procedural rule-making power of the supreme court of appeals provided for in the Judicial Reorganization Amendment of 1974 to the West Virginia Constitution and in section four [§ 51–1–4], article one, chapter fifty-one of this code may be utilized, so that the portions of this legislation relating to pleading, practice and procedure shall have force and effect only as rules of court remain in effect unless and until modified, suspended or annulled by rules promulgated by the supreme court of appeals."
The reorganization of provisions of W.Va.Code, 48A–4–1, *et seq.*, in 1993 left intact the foregoing authority granted to the Supreme Court of Appeals to promulgate rules of practice and proce-

master shall forward a copy of the motion and of any relevant evidence and shall notify the circuit judge in writing whether good cause exists for voluntary recusal. The circuit judge may grant or deny the disqualification motion or hold an evidentiary hearing to resolve the issues raised. Until the issue of disqualification is decided, the family law master shall proceed no further in the proceeding."

■ In this case, neither the family law master nor the circuit judge had the benefit of the procedural rules for family law. The family law master refused to disqualify herself upon a motion to disqualify made by the respondent, Mr. Hendricks. Because the statutory procedure under W.Va. Code, 48A–4–2(b), was unclear as to what should be done when a family law master rejects the disqualification motion, Mr. Hendricks filed a writ of prohibition in the Circuit Court of Wyoming County to prohibit the family law master from further participation in the underlying divorce proceeding. Mr. Hendricks alleged that the family law master had exhibited a personal bias against him in the underlying proceedings.[10]

The circuit court, in an order entered July 13, 1992, did not make any finding that the family law master exhibited bias against Mr. Hendricks, but did order her disqualified "in order to preserve an unquestionable, fair and impartial proceeding to all involved."

■ The petitioner, Mrs. Hendricks, seeks the issuance of this writ of prohibition to prevent the trial judge from ruling on the motion to disqualify without first conducting an evidentiary hearing.[11] Issuance of writs of prohibition are governed by W.Va.Code, 53–1–1 (1923). And, as we have stated in Syllabus Point 2 of *State ex rel. Peacher v. Sencindiver,* 160 W.Va. 314, 233 S.E.2d 425 (1977):

"A writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. *W.Va.Code,* 53–1–1."[12]

■ We believe that either under W.Va.Code, 48A–4–2(b), or the proposed Rules of Practice and Procedure for Family Law, the trial court did not exceed its authority or abuse its discretion when it disqualified the family law master. The petitioner asserts that the trial court could not rule on this issue without first holding an evidentiary hearing. We disagree. A circuit court may grant or deny a motion to disqualify a family law master based upon a verified motion to disqualify and any supporting evidence, or, at its discretion, hold an evidentiary hearing to resolve the issues raised by the disqualification motion. The decision of a circuit court upon review of a motion to disqualify a family law master will be affirmed by this Court absent an abuse of discretion.

Because the trial court had jurisdiction and did not exceed or abuse its legitimate powers, we decline to issue a writ in this case.

Writ denied.

---

dure for family law masters. W.Va.Code, 48A–4–5 (1993).

**10.** Under the new procedural rules, a prohibition proceeding would not be proper. Once a family law master declines to make a voluntary recusal, then the recusal motion must be sent to the circuit court for an ultimate ruling.

**11.** The circuit judge did hold a hearing with the involved attorneys. However, no evidence was taken on the disqualification issue.

**12.** *See also Peery v. Davis,* 135 W.Va. 824, 832, 65 S.E.2d 291, 296 (1951); Syllabus, *Eary v. Comer,* 107 W.Va. 540, 149 S.E. 608 (1929); *Sidney C. Smith Corp. v. Dailey,* 136 W.Va. 380, 67 S.E.2d 523 (1951) (Syllabus: "The extraordinary remedy of prohibition is not available to prevent proceeding in a law action pending in a court which has jurisdiction of the subject matter and of the parties litigant, and there is no clear showing that such court has exceeded its legitimate powers.").